## HAMILL, RALSTON & CO., v. PHENICIE.

1. ATTACHMENT. When one writ of attachment has been issued in an action, which, after a levy upon property insufficient to satisfy the demand, was returned; it was held that another writ could issue in the same county, without the filing of another petition and bond.
2. ATTACHMENT BOND. An attachment bond in but twice the sum demanded by the plaintiff in his petition is insufficient. It should be in twice the value of the property which may be attached in the action. *Churchill, et al.* v. *Fulliam*, 8 Iowa, 45, reaffirmed.
3. AMENDED PETITION. An amended petition which is defective or insufficient, should be corrected by demurrer. An amended petition will not be stricken out, because it does not cure the defects pointed out by a demurrer in the original petition.
4. SAME. An amendment to a petition for an attachment, need not be verified, where it does not change the cause of action, or the cause for an attachment alleged in the original petition.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 31.

The plaintiff sued for the sum of $1168.50, the price and value of goods and merchandise sold and delivered the defendant, and annexed a paper purporting to be a bill of particulars. A writ of attachment was sued out, under the act of 1853, and property to the amount of $449.22 having

been attached, the writ was returned, and afterward a second one was issued in the same county; no additional affidavit being made and no further bond being given.

The defendant demurred to the petition, and the demurrer being sustained, the plaintiff amended. The questions made upon the several steps in the case, appear in the opinion of the court. Both parties appeal upon different grounds.

*Casady & Crocker*, for the plaintiff.

*Jeff. S. Polk*, for the defendant.

WOODWARD, J.—The amount sworn to authorizes the attachment of property, to the amount of $1752.75, and after a levy to the extent of $449.22; the first writ was returned, and subsequently a second was issued. On motion of the defendant, the court set aside this second writ and attachment, from which order the plaintiffs appeal. The law allows separate writs to issue in different counties, either simultaneously or successively, and we see no good reason why they may not so issue in the same county. Property may be found after the return of a first writ, and it is but reasonable that the party should be empowered to take it. This does not affect the sureties in the bond. They have given bond for an attachment which may amount to $1752.75, and it is immaterial to them by what number of writs this is effected. It is but one attachment, in legal sense. Their security is against a wrongful suing out of the writ, and the wrong, if there be any, is not augmented by a second one. It was complete when the first was issued, if it exists at all. The second should refer to the preceeding one, showing that it had issued and the amount taken upon it; but this relates to the manner only, and the regularity of the proceedings. We think the court erred in setting aside the second writ.

But the defendant moved to quash the entire attachment, because the bond was not in such a penal sum as the law required. The amount sworn to was $1168.50 and the law

Hamill, Ralston & Co. v. Phenicie.

allows an attachment to the extent of fifty per cent in addition to the sum so sworn to, which would make it $1752.75, and the bond is to be in double the value of the property sought to be attached, which would be $3505.50, whilst it is, in fact, in the sum of $2500.00 only.    In the case of *Churchill et al.* v. *Fullium*, 8 Iowa 45, this court held that there was no discretion on this point, and that the bond must be in double the amount ascertained as above, otherwise it did not comply with the law.    It follows that the decision overruling the motion was erroneous.

Another point in the case is the following :    The defendant demurred to the petition upon the grounds, *first*, that it does not set forth a substantial cause of action; *second*, that no bill of particulars is attached, and that it blended in one count several causes of action.    This demurrer was sustained, and the plaintiffs amended by adding counts for the same sum due as upon an account stated, upon a settlement had between them, and for a balance agreed upon.    The defendant then moved to strike out this amended petition, and also moved for judgment.    Both these motions were overruled.    He urges that the plaintiffs have not amended in the matters which constitute the grounds of the demurrer which was sustained.    It does not appear upon which ground the court sustained the demurrer, or whether upon all.    The petition was not subject to the third cause of demurrer, but it was to the second, the bill of particulars being too general.    This consists of eight charges, of different dates, for "merchandise as per bill rendered."    But we cannot say that the court sustained the demurrer to this, although it is altogether probable.    Then as to the first cause, the plaintiff's did amend, and this amendment did not introduce new causes of action, but stated the same in different modes. These modes of statement, under the forms of pleading in use before the Code, have always been considered consistent with the identity of the cause of action, and we cannot give the pleading a more rigid construction than when the former and more precise rules applied to them.

The plaintiffs, then, did amend to some extent, and if the petition was still defective, it was not a sufficient cause for striking it out, nor for rendering judgment against him; and in refusing to do so the court did not err. If it appeared that the court held the petition bad for a certain cause, and the amendment did not cover it, then the amendment might be rejected. Thus, if we could see that the petition was held insufficient for want of a proper bill of particulars; this not being made better, the amended petition might be set aside. But it does not so appear. The defendant should have demurred to the amended declaration, or moved for a more specific bill of particulars.

Another objection, however, to the amended petition, made by a motion to reject it, is, that it is not sworn to, whilst the original is, and prays an attachment. This objection, according to our view, is not a valid one. The amendment is not to that part of the petition which states the ground for, and asks the attachment. Nor does the amendment change the ground of the action, nor introduce a new cause of action, nor claim a greater amount. It is only a new statement of the same cause of action. For these reasons we do not perceive any grounds for requiring it to be sworn to, and therefore cannot say that the court erred.

These are the questions made upon the appeal, and the cause appears to have been brought up upon these interlocutory proceedings. Believing that there was error in regard to two of them, the judgment is reversed, and the cause is remanded.

Reversed.