ELLIOTT v. A. J. STEVENS & Co.

1. COMMENCEMENT OF AN ACTION. An action *in personam* is commenced by delivering the original notice to the sheriff of the proper county with the intent that it be served immediately, or by the actual service of that notice by another person.

2. SAME: ATTACHMENT SUIT. An attachment suit is a special proceeding *in rem*, and is commenced by issuing and levying the writ. So far as the validity of the attachment proceedings are concerned, it makes no difference whether the levy is made before or after the return of the sheriff, on the original notice.

3. ALIAS WRIT OF ATTACHMENT. When the original petition in an action sets forth sufficient cause, and asks for a writ of attachment, and a sufficient bond is filed, a second writ may issue without the filing of a new petition or bond.

4. SURETY. The word "sureties" in section 1208 of the Code of 1851, may be construed as either singular or plural; and an attachment bond with but one surety is not for that reason defective.

5. BOND: AMENDMENT. An attachment bond in an insufficient penalty may be amended under section 2511 of the Code.

*Appeal from Polk District Court.*

WEDNESDAY, APRIL 6.

ACTION on a certificate of deposit. The petition was filed on the 11th day of August, 1857, and set forth sufficient cause for an attachment. On the same day an attachment bond in the sum of $635 was filed and a writ of attachment issued, directed to the sheriff of Polk county. Under this writ the sheriff attached certain personal property of defendant. On the 3d day of September, in the same year, another writ was issued to the same officer, without the filing of an additional affidavit or bond. Under this writ certain real estate of the defendant was taken. The original notice was

not delivered to the sheriff until the 10th December.   On the 31st day of the same month, an additional attachment bond, in the sum of $2000, was filed.   The defendant moved the court to dissolve both of these attachments.   The motion was overruled, and defendant appeals.

*James M. Ellwood* and *T. E. Brown* for the appellant.

I. A writ of attachment could not issue before the commencement of the suit, for the reasons:

1. The statute provides "that in an action for the recovery of money, the plaintiff may cause any property of the defendant to be attached at the commencement of, or during the progress of the proceedings."

2. A proceeding by attachment is a violent and summary remedy, and the statute authorizing it must be strictly followed and observed.   *Farrington* v. *Morgan*, 20 Wend. 207; *Field* v. *The People*, 2 Scam. Ill. 79; *Wilkie & Tuller* v. *Jones*, Morris. 97.

3. The action can not be regarded as commenced before the original notice was delivered to the sheriff for service. Code section 1663; *Pitkins* v. *Boyd*, 4 G. Greene 255; *Nuckolls* v. *Mitchell*, Ib. 432.

II. The first bond was not in twice the value of the property sought to be attached, and was therefore insufficient under section 1852 of the Code.   *Hamill, Ralston & Co.* v. *Phenice*, 9 Iowa 525; *Van Winkle* v. *Stevens*, Ib. 264.

III. The bond was executed by plaintiff and one surety. The statute requires "sureties."   *Smith* v. *McFall*, 18 Wend. 521.

IV. The attachment issued September 3d, could not legally issue without the filing of a new bond and a separate petition.

*C. C. Nourse* for the appellee, relied upon *Van Winkle* v. *Stevens & Co.*, 9 Iowa 264; *Hagan* v. *Burch*, 8 Iowa 309; *Pitkins* v. *Boyd*, 4 G. Greene 258; *Bretney* v. *Jones*, 1 Ib. 367.

LOWE, C. J.—Two motions below were made to quash the attachment, and the action of the court in overruling them is assigned for error in this court.

We will very briefly consider the following questions which make up the substance of those motions:

1. When the original proceedings in a suit are by attachment, will the writ of attachment be regarded as having been issued and levied before the commencement of the suit if such issuing and levying occurred prior to the time that the original notice to the defendant, of the pendency of the suit, was placed in the hands of the sheriff, and a return of "not found," made?

2. Can more than one writ of attachment issue upon the sworn petition and bond of the plaintiff? And if so, may the second attachment issue after the suit has been commenced, without making a new bond and affidavit?

3. Is an attachment bond executed by plaintiff and one surety sufficient when the Code reads, "sureties?"

4. May a defective bond or affidavit be amended so as to avoid a dissolution of the attachment?

If these questions can be answered in the affirmative, the court below committed no error in overruling the motions.

With reference to the first proposition we have to say, that this was a special proceeding *in rem*, under the attachment law, and not an ordinary proceeding *in personam*. In the latter case the suit is commenced by delivering the original notice to the sheriff of the proper county with intent that it be served immediately, or the actual service of that notice by another person. Code sections 1663, 1714.

In the former case the suit being a proceeding against property, it commenced by issuing and levying the writ of attachment. The mode of doing this is another question and is prescribed by the Code. The officer is first to give notice to the defendant, if to be found in the county, of what? Not of the pendency of the original suit, but of the attachment which is merely auxiliary to the main action. And secondly, to levy upon the property, and if personal to take it into his

Elliott v. A. J. Stevens & Co.

custody, &c; and if the property levied upon is in the possession of a third person, to give him notice of the attachment, also. The next step in the proceeding, if the defendant is a non-resident, or absconds so that the ordinary process of the law could not be served upon him, (which was the alleged ground for suing out the attachment in this case,) is to bring him into court by publication. This is usually done after a return of "not found" is made by the officer. And whether this is done before or after the writ of attachment is levied, can make no manner of difference, so far as the validity of the proceeding under the attachment is concerned. Such a return is not made, under the law, a condition precedent to the levying of the attachment, and it is difficult to perceive any good reason why it should have the effect to vitiate the attachment, if not done till after the same is levied.

Yet the defendant claims in this case, that inasmuch as the record shows that the original notice come to the possession of the sheriff, and he made his return of "not found" upon it after the attachment was levied, therefore the proceedings by attachment were instituted before the suit was commenced in contemplation of law; and should for that reason be dissolved. The error of this reasoning is accounted for upon the assumption that the defendant has overlooked the marked distinction between the commencement of an ordinary suit *in personam*, and one *in rem*, when the defendant is out of the reach of the jurisdiction of the court.

In regard to the second proposition, it seems that after the first writ of attachment was sued out on the 11th day of August, 1857, and levied upon a small amount of personal property; a second writ was issued on the 3d of September, thereafter, and levied upon some real estate. This was done without filing a new bond, or a new sworn petition; and for that reason it was insisted that the attachment should be abated. If there was anything in this position it could only affect the second writ of attachment. But the objection is unfounded; a new sworn petition and bond is necessary

where you ask the attachment process in aid of an ordinary suit already commenced. The reason of this is obvious; the first petition has not set out any cause for an attachment, and is not sworn to. But does this reason apply to a case where the original petition was by attachment, and contained all the allegations necessary to give the court jurisdiction of the writ. Under such circumstances, different writs may issue in the same suit to different counties, or in the same county, if there is a failure to obtain sufficient property under the first writ to secure the debt, and other property is subsequently discovered.

Again, a third cause for quashing the attachment was, that the bond was signed by only one surety instead of sureties. We are authorized by the 26th section of the Code, which lays down certain rules for construing its provisions, to say that the manner in which the word "sureties" is employed in section 1853 of the Code, while it imports the plural number, it will also apply to a single person or thing, in the same way that a word importing a single number may be extended to mean several persons or things. The object of the law is to afford indemnity to the defendant for the wrongful suing out of the attachment. This may be, and often is done as effectually by one, as by a half dozen securities. It is not the number, but the pecuniary condition and responsibility of the party who executes the bond, that secures the protection which the defendant is entitled to. It is the business of the clerk to see that the surety is ample and sufficient.

The last objection related to the penalty of the bond which was claimed to be below the amount required by law. This was afterwards enlarged to the requisite amount, which it was competent for the parties to do under section 2511 of the Code. We think the case should be affirmed.

Judgment affirmed.