[No. 988.    October 17, 1904.]

BENJAMIN H. DYE et al., Appellants, v. H. C. CRARY et al., Appellees.

### SYLLABUS.

There is no authority in this Territory for issuing an alias writ of attachment, and property levied upon under such a writ gives the court no jurisdiction over such property.

Appeal from the district court of Socorro county, before DANIEL H. McMILLEN, Associate Justice. Reversed and remanded.

W. B. CHILDERS for appellants.

The notice in this case did not inform the defendant that his property would be sold to satisfy the judgment that would be rendered against him if he failed to appear.

Smith v. Montoya, 3 N. M. 13, 22 and 23; Comp. Laws, sec. 2701.

As to the attachment affidavits.

Drake on Attachments, sec. 440; Durrasett's Adm., v. Hale, 38 Mo. 346; Atkins v. Arnick, 25 Mo. 404.

Notice by publication should notify the defendant that his property has been attached.

Smith v. Montoya, supra; Durrassett's Admr. v. Hale, supra; Smith v. McCutchen, 38 Mo. 415; Moore v. Stanley, 51 Mo. 317; Harris v. Grodner, 42 Mo. 159; Wapples on Attachment, 268-9, sec. 5, citing Westcott v. Archer, 12 Neb. 345; Anderson v. Coburn, 27 Wis. 558.

Where there is not and cannot be any direct personal service, the notice by publication must be made in strict accordance with the provisions of the attachment statutes.

Haywood v. Collins, 60 Ill. 328; Firbaugh v. Hall, 63 Ill. 81; Cummings v. Tabor, 61 Wis. 185; Anderson v. Coburn, 27 Wis. 558; Harris v. Nardeman et al., 14 How. 334; Thatcher v. Powell, 6 Wheat. 119.

When a court or judicial officer exercises a special statutory power, the records of the proceeding must show that the statutory authority has been strictly pursued.

Cowdery v. Town of Caneadea, 16 Fed. 532; Gray v. Larrimore, 10 Fed. Cases 1028; Gilpin v. Page, 3 Sawyer 93; 9 Fed. Cases 5206; Gilpin v. Page, 18 Wall. 350; U. S. v. Allen, 14 Fed. 264; Wayman v. Campbell, 6 Porter 219; 31 Am. Dec. 677; Gunn v. Howell, 27 Ala. 663; Bradley v. Jamison, 4 Iowa 73; Wright v. Werner, 1 Douglass (Mich.); Whitney v. Lrunette, 15 Wis. 68; Malone v. Samuel (Ky.), 13 Am. Dec. 180; 4 Ency. of Law and Procedure, 814-15; Earle v. McVeigh, 91 U. S. 510; Guaranty Trust Company v. Green Cove Railroad Co., 139 U. S. 146-148; Williamson v. Berry, 8 How. 495-540; Rose v. Himely, 4 Cranch 241; Elliott v. Piersol, 1 Peters 328; Wilcox v. Jackson, 13 Pet. 498; Shrover's Lessee v. Lynn, 2 How. 43; Lessee of Hickey v. Stewart, 3 How. 750; Webster v. Reid, 11 How. 437; Hunt v.

Dye v. Crary.

Wickliffe, 2 Pet. 201; Settlemier v. Sullivan, 97 U. S. 444; Cheely v. Clayton, 110 U. S. 701; Applegate v. Lexington, etc., Mining Co., 117 U. S. 255.

There is scarcely a State in the Union in which the same principle has not been announced and affirmed.

Guaranty Trust Co. v. Green Cove Rd., 129 U. S. 148.

The court acquires jurisdiction over the property in such cases by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case.

Freeman v. Anderson, 119 U. S. 187; McDonald v. Cooper, 32 Fed. 751; Windsor v. McVeigh, 93 U. S. 274.

Proceeding by attachment, is wholly statutory, in derogation of the common law, and its rules will be strictly construed.

1 Shinn on Attachment, sec. 8; 1 Wade on Attachment, secs. 2, 3, 4; Waples on Attachment 24, sec. 7; 3 Am. and Eng. Ency. of Law (2 Ed.), 184; Ballard, etc., v. Great Western, etc., Co., 39 W. Va. 394; Branshaw v. Tinsley, 4 Tex. Civ. App. 131; Pack, Woods & Co. v. American Trust & Savings Bank, 172 Ill. 192, 50 N. E. 327.

The Illinois statute is almost identical with ours.

Carr v. Kelley Brewing Company, 94 Ill. App. 225; American Hydraulic Dredging Company v. Richardson, etc., 90 Ill. App. 376; Buck v. Cay, 73 Ill. App. 160; Deumson v. Blumenthal, 37 Ill. App. 385; State v. Noblett, 47 Atl. 348; Wilson v. Strickler, 66 Ga. 575; Harris v. Linnard, 9 N. J. L. 58; Cummings v. Blair, 18 N. J. L. 328; Del Hays v. Brundred, 20 N. J. L. 328; Favrot v. Dell Piane, 4 La. Ann. 584; Hamil v. Phenicie, 9 Iowa 525;

Miller v. White, 46 W. Va. 67; 33 S. E. 332.

Abandonment of the levy under the original writ, is an abandonment of the seizure of the property, which alone gave jurisdiction to the court to proceed with the case.

Drake on Attachment, secs. 202, 257, 290; 1 Wade on Attachments, sec. 272; Pinnoyer v. Neff, 95 U. S. 728.

When there is an outstanding levy, no alias execution can issue.

1 Freeman on Executions, sec. 50; Freyer v. McNoughton, 67 N. W. (Mich.), 987; Tropnell v. Richardson, 58 Am. Dec. 338.

The writ must be issued within a reasonable time after making the affidavit.

Adams v. Lockwood, 30 Kas. 373, 2 Pac. 626; Avery v. Good, 114 Mo. 320, 21 S. W. 815; O'Neal v. New York, etc., Mining Co., 3 Nev. 141; Foster v. Illinki, 3 Ill. App. 345; Lewis v. Stewart, 62 Texas 352; Horton v. Monroe, 48 Mich. 195; Spreen v. Delignor, 94 Fed. 71.

Without a valid levy the court is without jurisdiction; without a valid writ there can be no valid levy.

Dohr v. Pohr, 82 Va. 359; McGillan v. Claflin, 52 Fed. 657; Plummer v. Hatton, 51 Minn. 183; Tuffs v. Volkeming, 51 Mo. App. 7; Grigsby v. Barr, 14 Bush 139; Mickey v. Stratton, 5 Sawyer 483; Keyser v. Guggenheim, 21 S. E. 475-6; Ludlow v. Ramsey, 11 Wall. 588; Avery v. Warner, 59 Tenn. 559; Peters v. Conway, 67 Ky. 565; Freeman on Judicial Laws, sec. 8; Grignon v. Astor, 2 How. 319; Harvey v. Tyler, 2 Wall.

The element of fraud is essential either in the intention of the party estopped or in the effect of the evidence he attempts to set up.

Hill v. Eppley, 31 Penn. St. 334; Henshaw v. Bissell, 18 Wall. 271; Biddle Boggs v.

Merced Mining Co., 14 Cal. 368; Davis v. Davis, 26 Cal. 23; Commonwealth v. Moltz, 10 Barr. 531; Copeland v. Copeland, 28 Me. 639; Delaplaine v. Hitchcock, 6 Hill. 616; Havis v. Merchant, 1 Curt. C. C. 136; Zuchtmann v. Roberts, 109 Mass. 53.

When the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.

Crest v. Jacks, 3 Watts 240; Knouff v. Thompson, 4 Harris 361; Brant v. Virginia Coal & Iron Co. et al., 93 U. S. 335-336; Hobbs v. McLean, 117 U. S. 581; Sturm v. Boker, 150 U. S. 335-336.

As to equal means of acquiring knowledge.

Sloan v. Chambers, 48 Mich. 359, 12 N. W. 488; Slatton v. Bryant, 55 Miss.; Kingman v. Graham, 51 Wis. 217; Mueller v. Kaessman, 84 Mo. 329; Clark v. Parsons (N. H.), 39 Atl. 900; Bank v. Bank, 83 Fed. 363; Sinckot v. Ry. Co., 16 Fed. 363; Wilson v. McGehee, 13 S. E. (Ga.) 86.

Matters of estoppel are personal and are not assignable.

John Shillito Co. v. McClung, 51 Fed. Rep. 876; Ketchum v. Duncan, 96 U. S. 666; Deery v. Crary, 5 Wall. 803; Houser v. Austin, 2 Idaho 90, 10 Pac. 44; and see Pearce v. Hardin, 54 N. W. 906, 95 Mich. 360; Pearce v. Andrew, 6 Cush. 4; Folrain v. Collins, 3 Mass. 328; Jamison v. Rixey, 94 Va. 64, 64 Am. St. 26, 26 S. E. 863; Steele v. Smelting Co., 106 U. S. 456.

Forfeiture can operate only in favor of a co-tenant.

Turner v. Sawyer, 150 U. S. 578; Brundy v. Mayfield, 15 Montana 38; 2 Lindley on Mines, 645-6; Royston v. Miller, 76 Fed. 51; Justice v. Bradley, 82 Fed. 555.

Naked trespassers cannot set up an outstanding title in another.

> Craig v. Thompson, 16 Pac. 29, 10 Colo. 517; Utah Mining Co. v. Dickert, 21 Pac. 1002; Sedgwick and Wait on Trial of Title to Land, secs. 58, 477, 718; Christy v. Scott, 14 How. 282; Belk v. Meagher, 104 U. S. 279.

Where claim is wrongfully held by another, owner is excused from doing work.

> Erhart v. Board, 113 U. S. 963, 8 Fed. 693; Slavonia Mining Co. v. Peraside, 7 Fed. 337; Travaskis v. Peard, 44 Pac. (Cal.) 246; Mills v. Fletcher, 34 Pac. (Cal.) 637; Robinson v. Imperial S. & M. Co., 5 Nev. 44.

A sheriff's deed executed before the period of exemption has expired is void.

> Rorer on Judicial Sales, sec. 956; Graham v. Wing, 10 Mich. 486; Gross v. Fowler, 21 Cal. 392; Bernal v. Glein, 33 Cal. 668; Moore v. Martin, 38 Cal. 428; Hall v. Yoell, 45 Cal. 587; Freeman on Execution (3 Ed.), sec. 328.

What is necessary to be shown to support sheriff's deed.

> Rorer on Judicial Sales, 794; Wheaton v. Saxton, 4 Wheaton 503; Cooper v. Galbraith, 3 Wash. Cit. Ct. Rep., 546; 6 Fed. Cases No. 193; Mickey v. Stratton, 17 Fed. Cases No. 9530.

H. B. FERGUSSON for appellees.

This ejectment suit is a collateral attack on the judgment in the attachment suit.

> 1 Black on Judgments, secs. 252, 245, 246; McGoon v. Scales, 9 Wall. 23.

Such an attack will not be sustained unless the judgment is absolutely void. The statutes of New Mexico authorize an alias writ of attachment.

Compiled Laws 1897, sec. 2871; Browning
v. Browning, 3 N. M. 460.

Alias and pluries writs are the practice at common
law.

Am. and Eng. Ency. of Law (old Ed.), 24,
524.

Elsewhere alias writs of attachment are sustained.

Hamill v. Phenicie, 9 Iowa 525; Elliott v.
Stevens, 10 Iowa 418.

Defects treated as irregularities rather than as ju-
risdictional.

17 Am. and Eng. Ency. of Law (2 Ed.),
1066; Majorieta v. Saenz, 80 N. Y. 547; Van
Bonschoten v. Foles, 85 N. W. 476; Cleland v.
Travenier, 11 Minn. 126-194; Harbor Pitt Shoe
Co. v. Dixon, 60 S. W. 186.

Irregularities in issuance of writ not jurisdictional.

20 Enc. of Pl. and Pr., 1179; Keybers v.
McComber, 7 Pac. (Cal.) 838; Dore v. Dough-
erty, 13 Pac. (Cal.) 621; Ensign v. Roggen-
camp, 12 N. W.; Axtell v. Gibbs, 52 Mich. 639.

Although the writ may have been groundlessly is-
sued, the lien will still be operative until dissolved.

1 Shinn., 314-326; Bittick v. Wilkins, 7
Heisk. (Tenn.) 307.

Attachment proceedings in New Mexico against a
non-resident is a proceeding *in rem*.

S. Cal. Fruit Exch. v. Stamm, 54 Pac. 345.

A judgment cannot be attacked collaterally, and
defects in publication cannot be reached by collateral
attack.

Schryock v. Buckman, 15 A. 480; Comstock
v. Crawford, 3 Wall. 396; Paine v. Mooreland,
15 Ohio 445; Cochran v. Loring, 17 Ohio 432;
Cooper v. Raynolds, 10 Wall. 308; Mohr v.
Maniere, 101 U. S. 417; 17 Ency. Pl. and Pr.,
sec. 120; Quart v. Abbott, 1 N. E. 476; Den-
man v. McGuire, 4 N. E. 276; Crusen v. Stevens,

27 S. W. 557; and see also, Keybers v. Mc-Comber, 7 Pac. 838; 17 Am. and Eng. Ency. of Law (2 Ed.), p. 1047; Van Wagener v. Carpenter, 61 Pac. 698; Burke v. Interstate Savings and Loan Association, 64 Pac. 882; 1 Freeman on Judgments, secs. 130, 126; 1 Black on Judgments, sec. 170; Ensign v. Roggencamp, 12 N. W. 811; 1 Wade on Attachments, sec. 38, note 6.

The Legislature remitted this matter of the alias writ to the court. Therefore its discretion cannot be collaterally attacked.

1 Smith's Leading Cases, 1009; Robinson v. Hesser, 4 N. M. 282-288; Cleland v. Tavernier, 11 Minn. 126.

Jurisdiction is the power to hear and determine.

Cornett v. Williams, 20 Wall. 249.

Jurisdiction having been acquired, the judgment cannot be attacked collaterally.

Drake on Attachments, secs. 447, 448; Voorhes v. Bank of E. S., 10 Peters 449; Grignon's Lessee v. Astor, 2 How. 319; Tillon v. Cofield, 93 U. S. 163; Beglew v. Chattenton, 51 Fed. 614; Gibbs v. Southern, 22 S. W. 713; Harrison v. Pender, 57 Am. Dec. 573; Brown v. Christie, 84 Am. Dec. 607; Hoagland v. Hoagland, 57 Pac. 20; Colfax v. Richardson, 54 Pac. 359; McNitt v. Turner, 16 Wall. 366; F. C. No. 12251, Idem 13092, Id. 7097; 12 Am. and Eng. Ency. of Law (Old Ed.), pp. 282-280; Sheldon v. Newton, 3 Ohio St. 494; Gibbons v. Bressler, 61 Ill. 110; C. B. & Q. R. v. Chamberlain, 84 Ill. 333; Paine v. Mooreland, 15 Ohio 445; Cochran v. Loring, 17 Ohio 432; Bell v. Gaylord, 6 N. M. 227; Cornett v. Williams, 20 Wall. 226; Mathews v. Densmore, 109 U. S. 439; Simmons v. Saul, 138 U. S. 439; Moore v. Mamire, 101 U. S. 417; Bruce v. Osgood, 56 N. E. 25;

Jackson v. Smith, 22 N. E. 431; Otis v. The Rio Grande, Fed. Cas. No. 10613; 1 Black on Judgments, sec. 274; 1 Smith's Leading Cases, 1001; Schlosser v. Beemer, 67 Pac. 299; Manson v. Duncanson, 17 Sup. Ct. Rep. 1101; Ludlow v. Johnstone, 3 Ohio 561.

When the adjudication is within the power of the court to make, it is, when made, binding upon all parties unless reversed by a proper and direct proceeding to that end.

Gaff v. Louis, 71 Fed. 591; Dowell v. Applegate, 14 Sup. Ct. Rep. 617; 12 Am. and Eng. Ency. of Law (Old Ed.), 1472, and citations in note 2; 1 Freeman on Judgments, sec. 130.

The court below passed upon the jurisdictional questions. Its decision may have been erroneous. Even if so, such error cannot be considered on a collateral attack on the judgment.

1 Black on Judgments, sec. 274; 1 Smith's Leading Cases, 1001; Schlosser v. Breemer, 67 Pac. 299.

Appellants by Dye's abandonment, acquiescence, laches, acts, silence, and representations are estopped to claim the property in question. These defenses may be made under the plea of the general issue in ejectment, especially under our ejectment statute.

1 Am. and Eng. Enc. of Pl. and Pr., under Estoppel; Comp. Laws 1897, sec. 3165; Kirk v. Hamilton, 102 U. S. 68; Morgan v. Railroad, 96 U. S. 716; Baker v. Humphery, 101 U. S. 494; Dickerson v. Colgrove, 100 U. S. 578; Bigelow on Estoppel, pp. 492, 493, note; Ratcliff v. Belfort & Co., 10 S. W. 365; Gray v. Crockett, 10 Pac. 452; 49 Mich. 444; Beardsley v. Foot, 14 Ohio St. 414; Tennessee C. I. & R. Co. v. McDowell, 47 S. W. 153; Bigelow Estoppel, p. 530; Payment v. Church, 38 Mich. 776; Dexell v. Odell, 3 Hill. 215; Delaplaine v.

Hitchcock, 6 Hill. (N. Y.) 14; Nelson v. Kelly, 8 So. 690; Comp. Laws N. M. 1897, sec. 2685, subsec. 137; Truesdail v. Ward, 24 Mich. 117; Smith's Leading Cases, p. 770; Patterson v. Hitchcock, 5 M. M. R. 543; Appeal of Chase, 18 Atl. 96; 2 Pom. Eq. Jur., sec. 809; Scharman v. Scharman, 56 N. W. 704; Cady v. Owen, 34 Vt. 598; Parkhurst v. Van Courtland, 14 Johnson (N. Y.) 43; Anderson v. Hubble, 47 Am. Rep. 394; Snow v. Hutchins, 35 N. E. 315; Story Eq. Jur., secs. 193, 385, 387, 388; Block v. Sammons, 62 Pac. 290; Storrs v. Baker, 10 Am. Dec. 316; Moelle v. Sherwood, 13 Sup. Ct. Rep. 426; Coogler v. Rogers, 70 So. 780; McConnell v. Rowland, 37 S. E. 586; Quick v. Milligan, 9 N. E. 392; Golden Tierra M. Co. v. Mohler, 4 Mor. Min. Rep. 390; Rice v. Bunce, 49 Mo. 231; Raley v. Williams, 73 Mo. —; Ins. Co. v. Mowry, 96 U. S. 544; Spragg v. Shriver, 64 Am. Dec. 698; Maple v. Kassart, 91 Am. Dec. 214; Black v. Elkhorn Min. Co., 16 Sup. Ct. Rep. 1101; Dowell v. Applegate, 14 Sup. Ct. Rep. 616; Kent v. Lake, etc., Co., 12 Sup. Ct. Rep. 655; Mainer v. Trumbo, Fed. Cases, 18309; Morgan v. McKee, 3 Mor. Min. Rep. 129; McBane v. Wilson, 8 Fed. 734; Titus v. Morse, 63 Am. Dec. 665; Beaupland v. McKeen, 70 Am. Dec. 115; Horn v. Cole, 12 Am. Rep. 111; Power v. Larrabee, 57 N. W. 789; Two Rivers Mfg. Co. v. Day, 78 N. W. 440.

## STATEMENT OF FACTS.

This is a suit in ejectment to recover the undivided five-sixths of a mining claim known as the "Compromise Mine," situate at White Oaks, Lincoln county, New Mexico. On March 3, 1898, defendant John Taliaferro commenced attachment proceedings in the district court against Benjamin H. Dye, on two certain promissory

notes. The affidavit for the writ of attachment alleged that Dye was at the time of the commencement of the suit a non-resident of the Territory. The writ of attachment was issued and delivered to the sheriff and returned by the sheriff on the sixteenth day of March, 1898, executed, as shown by the return, by levying upon and attaching Dye's right and interest in lots 2, 8, and 11, in section 25, township 6, south of range 11 east. Notice of the pendency of the suit was given by publication in the White Oaks Eagle. The first publication thereof was on March 17, 1898, and the last on April 14, 1898, it having been published each week in said newspaper. It further appeared that on March 7, 1898, there had been levied an attachment in favor of Zeigle Brothers, for the sum of $73.70 on the same property. On March 11, 1898, the plaintiff procured from the clerk of said court an alias writ of attachment, the record showing no new affidavit and no new bond given. The sheriff's return on said alias writ shows that he returned the said alias writ executed on May 27, 1898, upon the property in controversy. On the nineteenth of August, 1898, the plaintiff filed motion for a judgment, and on the thirty-first of December, 1898, judgment was rendered by the court against Dye, sustaining the attachment and ordering the attached property sold. A writ of *venditioni exponas* was issued, reciting the attachment and the levy on the mine, but saying nothing about the levy upon the lots. The mine was sold under said writ in February, 1899, to Jones Taliaferro. On December 4, 1900, Dye conveyed an undivided one-half of his undivided interest in said mining claim to Wm. B. Childers. This cause came on for trial before a jury. After the evidence was introduced the court directed a verdict in favor of the defendants to which plaintiffs excepted. Plaintiffs filed motion for a new trial which was overruled and exceptions preserved. Judgment was rendered upon the verdict; appeal prayed for and allowed.

OPINION OF THE COURT.

BAKER, J. — If the court acquired jurisdiction of the subject-matter in this case all the irregularities complained of must be brushed aside. Voorhees v. U. S. Bank, 35 U. S. 447; Cooper v. Reynolds, 77 U. S. 308. If the alias writ of attachment was lawfully issued the court in Taliaferro v. Dye had jurisdiction of the *rem* and power to order the sale of the property attached. Was the alias writ of attachment issued by authority of law? The answer to this question must settle the controversy in this case. The Legislature has undertaken to give us an attachment procedure. Compiled Laws of 1897, sections 2686 to 2736, inclusive. If alias writs of attachment are not authorized by our statutes then they can not issue. Section 2686 provides that when a claim is one hundred dollars or over one may sue in the district court by attachment, by setting up the statutory grounds therefor. Section 2690 of the Compiled Laws provides that the bond (approved by the clerk), the affidavit and petition shall be filed before the attachment shall be issued. Section 2696 provides that *original* writs of attachment shall be directed to the sheriff. Section 2697 provides that "*original* writs of attachment shall be issued and returned in like manner as ordinary writs of citations." Why the use in sections 2690, 2696 and 2697 of the words "original attachments"? Did the Legislature mean thereby to exclude alias writs of attachment? Section 2715, Compiled Laws, provides the form of the bond as well as the conditions thereof, as follows: "Know all men by these presents, that we (A. B. as principal or C. D. agent, for A. B. principal, as the case may be) and N. M. and M. M. his sureties, are held and firmly bound unto the Territory of New Mexico in the sum of ———— dollars, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents,

sealed with our seals and dated this ———— day of
———— A. D. ————.

"The condition of the above obligation is such that
whereas, the above-named A. B. has this day sued out an
attachment before J. J., clerk of the district court,
against E. F. for the sum of ———— dollars, returnable
to the next term of the district court for the county of
————."

The original writ of attachment would be return-
able at the next term of the court, while the alias writ
of attachment might not be issued until long after such
term.   Could it be said that the bondsmen would be
holden for damages for the wrongful suing out of the
alias writ of attachment when the bond provides that
"the conditions of the above obligation are such that
whereas the above-named A. B. has this day sued out an
attachment against E. F. for ———— dollars returnable
at the ———— term of the district court for the county
of ————"?   We think not.   The ground for the at-
tachment might exist when the bond was given and the
original writ issued, but might not exist at the time of
the issuance of an alias writ.   For instance, the first
ground of attachment provided for in the statute, non-
residence, existing at the time of the issuance of the
original writ, might not exist at the time of the issuance
of the alias writ, for the defendant long before the issu-
ance of the alias writ might have become a resident of
the Territory, and if an alias writ of attachment can be
issued at all, it can as well be issued one year after the
issuing of the original writ as one day or one month
thereafter.   The conditions of the parties might change
very materially and the bondsmen might not be willing
under such changed conditions to stand sponsor for the
damage that might result from the issuance of an alias
or any other writ of attachment under the then existing
circumstances.   Yet, if an alias writ may issue, it must
carry with it the obligations of the bondsmen, otherwise
you have a writ of attachment without bond, which cer-

tainly can not be contended.  Sections 2721 and 2722 of the Compiled Laws provide for ancillary writs of attachment and the mode of procedure, but they shed no light on the subject of an alias writ of attachment.

Attachment being in derogation of the common law, must comply with the statute, Cyc., 4 Procedure, p. 400, par. 4 and citations; 3 Am. and Eng. Ency. of Law, 184 (2 Ed.); Drake on Attachment (5 Ed.), sec. 4; Wapple on Attachment, p. 24, sec. 7; 1 Wade on Attachment, sec. 2; 1 Shin on Attachment, sec. 8; 3 Blackstone's Com., ch. 19.

The common law is the rule of practice and· decision in this Territory.  Compiled Laws of 1897, sec. 2871.

Attachment being in derogation of the common law, we must look to our statutes.  If our statutes do· not authorize the issuance of an alias writ of attachment, then one can not be issued.  Certainly our statutes do not provide for an alias writ of attachment in express terms nor do we think, by implication.

The position of the appellees that section 2727, Compiled Laws, gives the court jurisdiction of the property of the defendant from and after the issuance of the writ is tenable only so far as it relates to the property actually levied upon.    The court acquires its jurisdiction from a legal writ, a levy thereof, and a return thereon by the proper officer.  In Cooper v. Reynolds, supra, at page 319, the court says: · "Now, in this class of cases, on what does the jurisdiction of the court depend?  It seems to us that the seizure of the property, or that which in this case is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*.  Without this, the court can proceed no further with it; the court cannot proceed to subject the property to the demand of the plaintiff.  If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and

if it is by the proper officer levied upon property liable to the attachment, when such writ is returned into court the power of the court over the *res* is established." This case is much relied upon by appellees. They also cite with much reliance, the case of Voorhees v. Bank, supra, in which case at page 440, the court says: "On comparing the record of the proceedings on the attachment with the provisions of the act of 1865 (Chase's Ohio Laws, 462, etc.), the acts of the court in all of the course of the cause appears to be in conformity therewith, except in the following particulars on which the objections to the validity of the sale are founded." The five objections in short, were: 1, that the affidavit was not in proper form; 2, that there was not sufficient notice given for sale; 3, that the defendants were not three times called as provided by law; 4, that the sale was made before the expiration of the time of notice, and 5, that the return of the auditor showed the deed executed to a person other than the purchaser. It will be observed that these objections were merely irregularities, and further, that the record as stated by the court showed that the court had jurisdiction that is to say, there was a legal writ of attachment; that it was levied, and that a proper return by the proper officer was made thereon. A judgment of a court of competent jurisdiction is presumed to be regular and correct and that all things to be done to make it so were done, unless the contrary affirmatively appear on the face of the record of such case. This proposition is settled by an unbroken line of authorities, and no citations are called for.

The record in the case of Taliaferro v. Dye shows that on March 3, 1898, the suit was begun; that a writ of attachment issued and was delivered to the sheriff on the fifteenth of March 1898, on which day plaintiff executed the same by levying upon the undivided one-half of lots 2, 8 and 11, in section 25, and on other property (not the property levied upon by the alias writ of attachment), in township 6, south of range 11 E.

The sheriff made due return of his doings under the writ on the sixteenth of March, and on the seventeenth of March notice of suit by publication was begun and continued weekly in a weekly newspaper until the fourteenth day of April, 1898.

The record also shows that on the eleventh day of May, 1898, an alias writ of attachment was issued and that no additional or other affidavit or bond was filed. It will be thus observed that the record in the case of Taliaferro v. Dye, expressly and clearly shows that the original writ of attachment was issued, executed and returned, thus ending the life of that writ of attachment and that the alias writ of attachment thereafter issued. So, then, if there is no authority to issue an alias writ of attachment, the record disclosing that one was issued, shows upon its face the want of jurisdiction of the court over the property levied upon under such alias writ. We are of the opinion that the alias writ of attachment in the case of Taliaferro against Dye was issued without authority of law and conferred no jurisdiction upon the court over the property attached thereunder. Therefore, the court acted without jurisdiction and the purchaser at the sale of the property under such alias writ of attachment got no title, and those claiming said property under said Taliaferro in whole or in part, as well as said Taliaferro, acquired no title and have no title to the property in controversy.

This case must be reversed and remanded for further proceedings in accordance with this opinion; and it is so ordered.

Pope, Mann, and Parker, JJ., concur.

### DISSENTING OPINION.

MILLS, C. J.—I regret that I can not agree with the conclusions reached by the majority of my brothers in deciding this case.

This is a suit in ejectment and by it the appellant sought to eject the appellees from the mining claim in question. On the trial the record in the case of Taliaferro v. Dye, a proceeding in attachment, under the sale in which case appellees claim title, was introduced in evidence, over the objection of appellees' counsel, to show that the proceedings in that case were not regular and that the judgment given in it was void.

It can not be successfully denied that this is a collateral attack upon the judgment given in the case of Taliaferro v. Dye, nor can it be denied that that was a proceeding *in rem* or a quasi proceeding *in rem*, where it was sought to subject property of Dye, in this Territory, to the payment of a debt, Dye being absent, so that no personal service could be had upon him.

The principal points relied upon by appellants to reverse this case relate to defects which they allege were committed in the attachment suit of Taliaferro v. Dye. They are:

I.    That under the laws of this Territory there is no authority for the issuing of an alias writ of attachment.

II.    That the notice of publication of pendency of suit, was not such as to give the court jurisdiction to render a judgment; and,

III.    That no notice by publication was given when the interest of the defendant, Dye, in the mining claim was attached, under the alias writ of attachment, and which interest was subsequently sold.

I will first consider whether or not alias writs of attachment can be issued in this Territory. The issuing of such alias writs is not directly provided for by any statute which I have been able to discover. The only section which would appear to authorize their issuance is the general power given to courts in section 2727, Compiled Laws of 1897, which reads in part as follows:

"From the time of the issuing of the order of attachment, the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings in relation thereto." Certainly, there is no positive law of the Territory which forbids the issuance of such alias writs. I can see no good reason why they should not be allowed to issue in proper cases, as for instance when the first writ has expired without being served, or when it has been lost by the officer before being returned, or when additional property belonging to the debtor has been discovered after the service of the first writ. Nor do I see any reason why an additional affidavit or bond should be required from the plaintiff, provided that the original ones are not defective and are in proper form. I am aware that the courts of the several States which have passed upon this question hold divergent views as to the right of issuing alias writs of attachment, when the issuing of such writs are not provided for by statute. A collection of the authorities on the subject of the issuing of successive writs of attachment will be found in 4 Cyc. 553, note 27. The reasons supporting the issuance of such writs are discussed in the cases of Hamill v. Phenicie, 9 Iowa 525, and Elliott v. Stevens, 10 Iowa 418. Not only does the weight of authority seem to predominate in favor of the issuance of such writs, but I can see no good reason why alias writs of attachment should not issue, the same as alias writs in other suits.

In the case at bar, the record shows that at the time the original writ of attachment was levied on the real estate, that other writs of attachment had previously been levied on the same property by other persons who had claims against Dye. It seems to me that it would be manifestly improper to hold under the state of facts which exists in this case, that Taliaferro would be compelled to dismiss the suit already brought by him, and file a new complaint, affidavit and bond, before he could

levy his writ on other property of the defendant Dye, which was unincumbered.

I will now consider whether the district court which tried the case of Taliaferro v. Dye, acquired jurisdiction over the property attached. In this Territory the district court is one of general jurisdiction, and if personal service had been made there can be no doubt but it would have had jurisdiction. In the case at bar, if it did so acquire, it did so by substituted service or service by publication.

In commenting upon what notice is required in the absence of a defendant in Cooper v. Reynolds, 10 Wall. 316, the Supreme Court of the United States says:

"By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred.

"Jurisdiction of the person is obtained by the service of process, or by the voluntary appearance of the party in the progress of the cause.

"Jurisdiction of the *res* is obtained by the seizure under process of the court, whereby it is held to abide such order as the court may make concerning it. The power to render the decree or judgment which the court may undertake to make in the particular cause, depends upon the nature and extent of the authority vested in it by law in regard to the subject-matter of the case.

"It is to be observed that in reference to jurisdiction of the person, the statutes of the States have provided for several kinds of service or original process short of actual service on the party to be brought before the court, and the nature and effect of this service, and the purpose which it answers, depend altogether upon the effect given to it by the statute. So also while the general rule in regard to jurisdiction *in rem* requires the

actual seizure and possession of the *res* by the officer of the court, such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing, and in effect subject it to the control of the court. Among this latter class is the levy of a writ of attachment or seizure of real estate, which being incapable of removal, and lying within the territorial jurisdiction of the court, is for all practical purposes brought under the jurisdiction of the court by the officer's levy of the writ and return of that fact to the court. So the writ of garnishment or attachment, or other form of service, on a party holding a fund which becomes the subject of litigation, brings that fund under the jurisdiction of the court, though the money may remain in the actual custody of one not an officer of the court."

Holding that the district court of Lincoln county had jurisdiction of the subject-matter, and authority to issue the alias writ of attachment, by virtue of which writ the interest of Dye in the mining claim was subsequently sold, I consider this court bound by the law as laid down in Voorhees v. Bank, 10 Peters 449, and Cooper v. Reynolds, 10 Wall. 308. In speaking of Voorhees v. Bank, where the defendant, like the appellees here, held real estate by virtue of a sale made under attachment proceeding, the court says:

"Against a non-resident who had never been served with process or appeared in the case, no affidavit was produced, nor publication of notice nor appraisement of the property, but it was condemned and sold without waiting twelve months from the return of the writ, and without calling him at three different time terms of court, all of which are specifically required by the act regulating the proceedings in Ohio, where they were had. This court held that there was sufficient evidence of jurisdiction in the court which rendered the judgment, notwithstanding the defects we have mentioned, and that they were not fatal in collateral proceedings."

Cooper v. Reynolds, supra, and in the same case in speaking of the publication of notice the court says: "So also of the publication of notice. It is the duty of the court to order such publication, and to see that it has been properly made, and undoubtedly, if there had been no such publication, a court of errors might reverse the judgment.

"But when the writ has been issued, the property seized, and that property condemned and sold, we can not hold that the court had no jurisdiction for want of a sufficient publication of notice." The rule as laid down in these cases has been constantly followed by the Supreme Court of the United States and by practically all of the Federal courts. In a case which came before the United States Circuit Court in Colorado, to foreclose a mortgage, in speaking of a suit brought in the State court of Colorado, in which a bill in chancery was filed, which, among other things, sought to set aside two judgments which had been obtained in the district court of that State in an attachment suit against certain mining property, on the ground that there was no service of process and no appearance by the defendant, Judge Hallett says: "From this, it seems that the Supreme Court of the State has reached the conclusion that the judgments obtained by Perkins and Noynahan were improperly entered; that is, that there was error in the record. But from some circumstances attending the case they have declined to vacate the judgments. It is difficult to perceive what effect that statement can have upon the position of the parties in this case and in this court. If it was stated that the Supreme Court had reached the conclusion that the judgments were void, and had declared them to be void, and set them aside upon that ground, we shall still be compelled in this court to adhere to the doctrine first announced in the case, and which is found in Cooper v. Reynolds. The principle declared in Cooper v. Reynolds is of general jurisprudence, affecting all actions in Federal courts,

and not at all controlled by any decisions that may be made in any court of any State." Needham v. Wilson, 47 Fed. 97.

Appellants in their brief rely upon a number of cases from the State of Missouri to sustain their contention that the judgment taken in the attachment case was void, and could be attacked collaterally. Their claims seem to be sustained by some of the earlier cases decided in that State, but however, in 1874, the Supreme Court of Missouri, says, in speaking of the lack of the sufficient publication of the pendency of a suit, before the rendition of the judgment (and I think that this case has not since been overruled), "The effect of a number of late decisions of this court is, that where in an attachment suit, the required affidavit and bond have been filed, and an attachment regularly issued, and land seized and levied on by virtue of the attachment, the court thereby acquires jurisdiction of the case as to the property attached, and that a judgment rendered in such case against the property attached will not be void, although no sufficient publication is made; that the omission to prove publication is only an irregularity in the proceedings in a case of which the court already has jurisdiction, so far as the attached property is concerned, and that although a judgment rendered in such case might be set aside for irregularity in a direct proceeding for that purpose, yet the judgment would not be held absolutely void in a collateral proceeding." Johnson v. Gage, 57 Mo. 165.

I am aware of and have no desire to criticise in any manner the opinion rendered by this court in the case of Smith v. Montoya, 3 N. M. 13. In that case this court held that a notice by publication in almost the identical words used in this, except as to parties and amount of debt, was not good, and that a judgment rendered in the case did not bind a garnishee, I think that the opinion in that case correctly states the law, but it was a direct attack on the judgment by one who had been brought into

the case as a garnishee, and who took it up by appeal.
In no sense can it be regarded as a collateral attack on
a judgment.    I do not attack that case in any partic-
ular.

For the foregoing matters I dissent from the opin-
ion of the majority of this court.

McFie, J., concurs in the above.