301 P.2d 1091

George LARKIN, Plaintiff-Appellant,
v.
The FOLSOM TOWN AND INVESTMENT COMPANY et al., Defendants-Appellees.
No. 6069.

Supreme Court of New Mexico.
Sept. 27, 1956.

Robert A. Morrow, Raton, Howard B. McClellan, Clayton, for appellant.

Krehbiel & Alsup, Clayton, for appellees.

SADLER, Justice.

The appellant, who was the plaintiff below, complains before this Court of a decree rendered by the district court of Union County, New Mexico, dismissing with prejudice his complaint to quiet title to certain town lots described therein, located in the village of Folsom. While

numerous parties were joined as defendants in the original complaint, as the issues finally developed, the controversy eventuated into one between the plaintiff and a single defendant, namely, Magdalena V. Uharriett, a daughter of the defendants, T. M. Vigil and Mary D. Vigil, the latter having failed to appear in the case.

The suit involves the ownership of three town lots in the village of Folsom, Union County, New Mexico. They are Lots 16, 17 and 18 in Block 27 in the village of Folsom in said county. They were owned originally by T. M. Vigil and Mary D. Vigil his wife who had been residents of Folsom, New Mexico. While so residing they became indebted to George Larkin, also a resident of Folsom, in the sum of $277.09, for groceries purchased at his store. In the meantime, they removed to Denver in the state of Colorado.

Following their change of residence, George Larkin brought suit against the Vigils on the open account mentioned, the complaint being docketed as civil cause No. 11,121 in the district court of Union County. The plaintiff caused an attachment to be issued out of said suit and levied on the lots mentioned as the property of the Vigils, to abide whatever judgment should be entered therein. Attempted service on the Vigils outside New Mexico of notice of the attachment suit, begun as aforesaid, was made and the Vigils having defaulted therein, judgment was rendered against them. In due course, a sale of the lots as the property of the Vigils was had to satisfy the judgment rendered therein. The plaintiff Larkin's bid for the lots for the amount of his judgment, interest and costs was accepted and the property knocked off to him as the purchaser. Special Master's deed was issued to him in due course and the sale confirmed by the court.

In the meantime and while these attachment proceedings were pending, the Vigils conveyed by warranty deed the lots in question to their daughter, the said Magdalena V. Uharriett, one of the defendants in the quieting title suit. It was following the acquisition by Larkin of whatever title he received under the Special Master's deed that he began this suit to quiet title to the lots, joining as defendants numerous parties, including the Vigils and their daughter, Magdalena V. Uharriett. The defendants Vigil defaulted again as they had in the attachment suit. Their daughter, however, Magdalena V. Uharriett, having taken title to the lots mentioned through a warranty deed as above set forth, answered in the case and defended actively.

At the trial, when the plaintiff sought to introduce in evidence the Special Master's deed conveying the lots to him as purchaser at the judicial sale, the defendant, Uharriett, objected to its admission upon the following grounds, set forth in a

stipulation upon which the case was tried, to wit:

"(a) It affirmatively appears from the proceedings which have been placed in evidence by plaintiff from Union County District Court action No. 11,121 that no valid attachment was ever levied upon the property then owned by Mary D. Vigil and T. M. Vigil, nor was personal service in New Mexico had upon said Vigils or either of them; that the court did not acquire jurisdiction in said action to render a valid judgment.

"(b) It affirmatively appears no order by the court was ever entered authorizing and directing the issuance and service upon said Vigils, or either of them, of a notice of suit stating the nature and amount of plaintiff's demand and further notifying said Vigils their property had been attached and that unless they appeared at the return day named in such notice of suit judgment would be rendered against them and their property sold to satisfy such judgment.

"(c) No notice of suit was ever issued or served in any manner upon said Vigil defendants or either of them.

"(d) The required notice of suit not having been issued and served in said attachment suit No. 11,121, the court did not acquire jurisdiction therein to render a valid judgment of any character.

"(e) The purported judgment against the Vigil defendants and the land in question having been void, the sale attempted thereunder likewise was void and the deed issued pursuant thereto was absolutely void and hence is not admissible in evidence in the present case as proof of title in plaintiff, nor is it admissible for any other purpose."

As already indicated, the cause was tried upon a stipulation of the parties, the closing paragraphs 5 and 6 whereof read as follows:

"5. It is further Stipulated and Agreed that unless the special master's deed to which defendant Magdalena V. Uharriett has objected is valid and admissible in evidence, plaintiff cannot recover herein and that defendant Magdalena V. Uharriett is entitled to an order dismissing plaintiff's action with prejudice. On the contrary, it is Stipulated and Agreed that if the special master's deed which has thus been offered in evidence and whose admissibility has been objected to for the above stated reasons is a valid conveyance of such title as the Vigil defendants had, then and in such event plaintiff is entitled to an

order quieting his title against Magdalena V. Uharriett, as well as other parties to this quiet title proceeding not represented herein. In other words, for the purpose of this stipulation it is agreed that Mary D. Vigil and T. M. Vigil were the owners and seized of the record fee title to the property in question at the time plaintiff George Larkin initiated said action No. 11,121, although it is not stipulated that they were the owners of said property at the time the special master's deed was executed; on the contrary it is stipulated that at a time during the course of said attachment proceedings, namely, on July 17, 1953, all of the right, title and interest of the Vigils was conveyed to Magdalena V. Uharriett, unless prevented by a valid attachment.

"6. It is further Stipulated and Agreed the following instruments, and no others, were served upon the Vigil defendants in the State of Colorado in said cause No. 11,121, to-wit: complaint, affidavit in attachment, writ of attachment.

"Howard B. McClellan, Clayton, New Mexico, Attorney for Plaintiff.

"Krehbiel & Alsup, By Adolf J. Krehbiel, Clayton, New Mexico, Attorneys for Defendant Magdalena V. Uharriett.".

Pursuant to the stipulation, the parties attached thereto true, full and correct copies of every pleading, process, writ, return of service, order, note, or other proceeding of any character whatsoever had or action taken in said cause No. 11,-121, the attachment suit on the civil docket of the district court of Union County, New Mexico. It perhaps should be added at this point that the stipulation mentioned was the outgrowth of a pretrial conference as recited in paragraph one (1) thereof, reading:

"This matter came on for hearing before the Court on March 7, 1955. After preliminary steps and pre-trial conference, the parties agreed to submit this action to the court upon stipulated facts. This stipulation is the result of such agreement."

Acting pursuant to the terms of the stipulation, the trial judge duly considered same and found the facts and deduced certain conclusions of law from the facts so found. He identified the suit as one to quiet title to the lots above mentioned and stated the plaintiff's claim of title was based upon the Special Master's deed dated September 18, 1953, executed by virtue of the proceedings in the attachment suit recited in the stipulation. And, as further recited in the stipulation, he called attention to the objection by defendant, Magdalena V. Uharriett, to the admission of the deed in evidence.

The judge then found that both at the time attachment proceeding was begun and throughout its progress the defendants, Mary D. Vigil and T. M. Vigil, her husband, were non-residents of New Mexico and residents of the State of Colorado. He went on to say there was no personal service on either of them within New Mexico in the attachment suit.

Furthermore, he pointed out that no order of the court was ever entered therein, authorizing or directing the issuance and service upon the Vigils, or either of them, of a notice of suit, stating the nature and amount of plaintiff's demand and further notifying them their property had been attached and that, unless they appeared at the return day named in the notice of suit, judgment would be rendered against them and their property sold to satisfy the same. Only the complaint, affidavit in attachment and writ of attachment were served upon the Vigils in Colorado, or elsewhere, as the trial judge's findings went on to recite.

Turning next to the basis of the title of defendant, Uharriett, the findings recited the conveyance of the lots in question to her by the Vigils by warranty deed dated July 17, 1953, pendente lite. This was prior to execution of the Special Master's deed above mentioned, a fact mentioned in the findings.

Having found the facts as aforesaid and in strict conformity with the stipulation of the parties, the trial judge drew therefrom conclusions of law, as follows:

"I. The Court has jurisdiction of each of the parties hereto and of the real estate which is the subject matter hereof. The Court likewise has the power to determine the issues herein involved.

"II. Plaintiff's right to introduce the Special Master's Deed into evidence is dependent upon the regularity of the preliminary proceedings in said cause No. 11,121 leading up to the execution of the Special Master's Deed. That Sec. 26–1–18 N.M.S.A. 1953 Comp. was not complied with either by publication or by substituted personal service outside of the State.

"III. The judgment rendered in said cause No. 11,121 is void.

"IV. The Special Master's Deed executed pursuant to said void judgment in cause No. 11,121 is void.

"V. The void Special Master's Deed which was offered in evidence by plaintiff cannot lawfully be received in evidence herein.

"VI. The defendant Magdalena V. Uharriett is entitled to have the plaintiff's action herein dismissed with prejudice, in accordance with the stipulation entered into by the parties hereto, and to recover her costs herein.

"Fred J. Federici, District Judge."

There is so much wrong with the whole attachment proceeding from its beginning until the end, under the pertinent sections of Chapter 26, 1953 Comp., that it would be purely an act of supererogation to do more than cite a few cases to demonstrate the fatal irregularity in essential steps disclosed by this record. The notice of suit was bad, attempted service was bad, the levy itself was defective, the officer's return was imperfect, the bond carried no penalty, among other things. But why say more? While not every defect is necessarily fatal, enough of them are to render the attachment proceeding bad even in a collateral attack. See, Smith v. Montoya, 3 N.M.,Gild., 13, 21, 3 N.M., John., 39, 1 P. 175, and Mares v. Schuth, 38 N.M. 101, 28 P.2d 527, 92 A.L.R. 567. Compare, Dye v. Crary, 12 N.M. 460, 78 P. 533.

In fairness, it should be stated that attorney Robert A. Morrow of Raton, New Mexico, was not an attorney of record in the case until after all the proceedings antedating final judgment entered in the present cause, including the attachment proceedings and Special Master's deed out of which title in plaintiff-appellant arose, had transpired. His first appearance in the case was as co-counsel on a motion to vacate and set aside the final judgment herein which the trial court properly denied.

The trial judge's conclusions of law were proper under the facts found and both findings and conclusions operated to support as well as demand the judgment entered. It should be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.