202 P.2d 970

**McDONALD v. PADILLA et al.**
No. 5055.

Supreme Court of New Mexico.

Dec. 2, 1948.

Rehearing Denied March 2, 1949.

Owen B. Marron and Alfred H. McRae, both of Albuquerque, for individual appellants.

Hannett & Hannett, of Albuquerque, for appellant Town of Atrisco.

Quincy D. Adams and D. A. Macpherson, Jr., both of Albuquerque, for appellee.

COMPTON, Justice.

This is a statutory action, brought by plaintiff (appellee here) to quiet title to 205.26 acres of land, a part of the town of Atrisco Grant. The plaintiff claims under a tax deed from the state, and the defendants, each claiming some part of the land in suit, allege that the tax title under which appellee claims is void and sues by cross action to quiet the title to the land claimed by him in himself. If plaintiff's tax deed is valid, as held by the trial court, then the cause should be affirmed, otherwise it should be reversed and rendered for defendants.

The question then is whether the plaintiff's tax deed is valid. The facts are in substance as follows:

In 1920 the land in suit was a part of the common lands of the town of Atrisco Grant, a confirmed Mexican Pueblo grant. In that year these lands were assessed for taxes. Thereafter, on December 17, 1920, a suit was filed in the district court of Bernalillo County by the trustees of the Atrisco Grant, for the purposes stated in the complaint, which was in words and figures as follows:

"No. 12666

Board of Trustees of the Town of Atrisco
v.
Stephen E. Roehl, Assessor of Bernalillo County

In the District Court of the County of Bernalillo State of New Mexico

Complaint

"Plaintiff in the above entitled cause complains of the defendant and shows to the court that the said defendant is the assessor of Bernalillo County and that he has assessed and placed upon the tax roll of 1920 the property of said plaintiff although by two decisions of this court it has been held that the said property is not subject to taxation. "Plaintiff therefore prays that by an order of this court the said defendant be required to strike out from said tax roll the assessment of the said property, and that his successor or successors in office be restrained and enjoined from making any like assessment in the future.

The Board of Trustees of the
Town of Atrisco
(SEAL) By (Sgd.) David J. Metzgar,
President."

The complaint was endorsed as follows: "No. 12666

Board of Trustees of Town of Atrisco
v.
Stephen E. Roehls
Assessor Bernalillo Co.

Filed in my office this
Dec. 17, 1920
Nestor Montoya, Clerk
By Harry F. Lee (Written in, in ink, and initialed OBM and DM, Jr. (Sgd.) Deputy.
Filed by
George R. Craig, Dist. Atty."

The following decree was entered:

"No. 126666

| | |
|---|---|
| Board of Trustees of the Town **of** Atrisco, v. Stephen E. Roehl, Assessor of Bernalillo County | In the District Court County of Bernalillo State of New Mexico |

Upon reading and filing the complaint of said plaintiff, from which it appears that the defendant has assessed and placed upon the tax roll of 1920, the property of plaintiff which has, by two decisions of this court, been held exempt from taxation.

It is ordered and adjudged by the Court, as prayed in said complaint, that the defendant as such assessor as aforesaid, be, and he hereby is, required to cancel and erase the said assessment upon the tax roll of 1920; and it is further

Ordered and adjudged that the successor and successors of the said defendant in the said office of assessor be and hereby are restrained and enjoined from again assessing the said property which, as aforesaid, has been held to be exempt from taxation.

(Sgd.) M. E. Hickey, District Judge."

The records of Bernalillo County further show in connection with this cause the following docket entries:
"1920
Dec. 17 Filing Petition for Injunction
Dec. 17 Filing Final Order Rec. XI page
 466 .
Dec. 17 Certified Copy to Assessor."

No other documents are recorded or in the court file. No appeal was taken from this judgment.

In the years of 1935, 1936 and 1939, while the title of the lands described in the complaint was in the town of Atrisco, it was inadvertently assessed for those years to Phillip Hubbell and others of that name (all of whom were strangers to the title), upon the mistaken belief that the Hubbells owned the land and that it was not the property of the town of Atrisco. The defendants and the town of Atrisco had no notice of this assessment at any time prior to the issuance of the tax deeds to plaintiff.

The taxes so assessed were not paid and the land was sold to the state of New Mexico for delinquent taxes, based on those assessments. The plaintiff purchased the tax title from the state, upon which alone his claim rests. The individual claim of each defendant is based upon a deed from

the town of Atrisco, executed after the property was assessed for 1939. From the date of the entry of the decree in 1920, herein copied, up to the year of 1946 the trustees of the town of Atrisco and the several assessors of Bernalillo County relied thereon as evidence that the property was exempt from taxation, and the latter refused to knowingly assess the common lands of the town of Atrisco; and only assessed the land in suit on the mistaken belief that it was owned by the Hubbells. There is nothing in the file or record of this case to indicate the basis in fact for the conclusion of the court that the property was exempt from taxation. There was no other record introduced in evidence pertaining to case No. 12,666.

The trial court concluded that the decree of 1920 is void for lack of "jurisdiction over the defendant Stephen E. Roehl, Assessor of Bernalillo County, or his successors in office."

The finding upon which this conclusion is based is as follows:

"That it appears from the record in Cause No. 12,666, on the docket of the District Court of Bernalillo County, New Mexico, in which an order was entered signed by Judge M. E. Hickey, which order was received in evidence herein as defendants' exhibit 2, that no summons was issued nor process served upon the defendant, and no appearance for the defendant was entered."

The finding not attacked would be conclusive but for the fact that defendants' exhibit 2 referred to in it, which was also made a part of the findings, does not support it. Construing them together, the most that we can make of it is that neither the judgment nor any of the proceedings in evidence disclose whether process was issued or served on the defendants.

The docket has three entries, showing the filing of (1) the complaint, (2) the "Final Order," and (3) "Certified Copy to Assessor," all on December 17, 1920; and that is all.

The rule is that as against a collateral attack, a judgment is valid unless the contrary appears in the judgment roll, and the omission of every step in the proceedings except the entry of the judgment, does not overcome the conclusive presumption of regularity of a judgment when collaterally attacked, if the record does not affirmatively disclose the omissions. State v. Patten, 41 N.M. 395, 69 P.2d 931; Dallam County Bank v. Burnside, 31 N.M. 537, 249 P. 109; Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979; Hall v. Johnston, 9 Cir., 86 F.2d 820; White v. White, 142 Tex. 499, 179 S.W.2d 503; West v. Capitol Trust & Savings Bank, 113 Mont. 130, 124 P.2d 572; Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556.

We stated in substance, in State v. Patten, supra, and we now hold, that every presumption not inconsistent with the record, is to be indulged in favor of the jurisdiction of courts of general jurisdiction whose judgments are collaterally attacked; and their judgments, though void for want of jurisdiction and would be so held on direct attack, cannot be questioned on that ground when attacked collaterally, unless the lack of jurisdiction appears affirmatively in the judgment roll.

It is asserted by appellee that the judgment is void because of the "failure of the court to issue process; failure to service process on the defendant, and failure of defendant to enter an appearance in the case."

But none of these alleged defects appear affirmatively in the record. Mere silence of the record on jurisdictional facts does not render the judgment void on collateral attack. The omission must affirmatively appear in the record. Hall v. Johnston, supra; Davis v. Tuggle's Adm'r, supra; West v. Capitol Trust & Savings Bank, supra; State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 P.2d 39. Nothing appears in the record regarding the issuance of process, its service or the appearance of the defendant. The recital in the judgment that "upon reading and filing the complaint, etc., it is ordered," is not such an affirmative statement as would satisfy the rule. First, the record discloses that the complaint was filed by the district attorney, and the parties agree that this is true. We are not advised of the hour it was filed, or when it was read by the court, except that all the proceedings occurred on the same day. This, however, is not an affirmative statement that process was not issued or served, or that defendant did not enter his appearance. The record indicates that he received a copy of the complaint, which ordinarily accompanies process, and nothing else.

Once process is served the trial court has jurisdiction of the parties, and if it has jurisdiction of the subject matter, it can enter a valid judgment immediately after service of process, in the absence of an appearance or answer. Such a judgment is irregular, and may be set aside upon motion within a year of its entry under statutory authority; but it is not void. We have so decided in two cases. The question was decided in Dallam County Bank v. Burnside, 31 N.M. 537, 249 P. 109, and again in Field v. Otero, 35 N.M. 68, 290 P. 1015, 1016. In the latter case we overruled a decision of this court and two decisions of the Territorial Supreme Court which held to the contrary. We stated:

"In the first place there is something apparently out of place and shocking in taking the judgment of the court before the return day of the process, up to which time the defendant may appear and answer the

complaint. He has no reason to suppose that the same will be done, and, if the same can be done, a judgment might as well be taken by the plaintiff the next day after the process is served as to wait the twenty days for the defendant's appearance and answer. On the other hand, if the court has jurisdiction of the parties and the subject-matter and commits an error, the remedy is not to ignore the court's action, but it is to correct the error either by application to the court itself, or by appeal to the court of review. An error of this kind is no more of a wrong to the party, in a legal sense, than any other error of the trial court, and must be treated the same. And in this case, upon the filing of the cross-complaint, the district court acquired jurisdiction of the subject-matter, and upon the personal service of the process it acquired jurisdiction of the person of the defendant. It is true that the court was in error in awarding judgment while the defendant might still have appeared and answered, but it was, nevertheless, an error within jurisdiction, subject to correction as above indicated."

■■ Nor does it matter that the complaint did not state a cause of action, the judgment was not void because of that. On this question we have stated:

"This ruling may have been erroneous as a matter of law, and the petition may not have stated facts sufficient to constitute a cause of action. A judgment will not be considered open to collateral impeachment because the petition or complaint in the action in which it was rendered did not constitute a cause of action. Black on Judgments, § 269; Van Fleet's Collateral Attack, § 61. The universal rule adhered to by the courts is that the judgment or final order of a court having jurisdiction of the subject-matter and the parties, however erroneous, irregular or informal such judgment or order may be, is valid until reversed or set aside." Acequia Llano v. Acequia De Las Joyas, 25 N.M. 134, 179 P. 235, 237.

In view of the condition of the record in district court Cause No. 12,666, we must conclusively presume and hold that the defendant in that case was served with process or entered his appearance, and that the judgment cannot be held void upon collateral attack.

But the trial court held that whether the judgment was valid or void, it does not operate as res judicata in this case; that the land in question was subject to taxation for the years of 1936 and 1939; that it was duly and legally assessed for taxes; that they were legally levied, and became delinquent; that the land was sold because thereof and tax deeds duly issued to the state; that the state's deed to plaintiff conveyed to him a complete title.

■ The courts are in hopeless disagreement as to the effect of such decrees on

assessments for subsequent years. Res judicata in its broad sense does not apply, because the cause of action is not the same. But defendants contend that the rule of "collateral estoppel" by judgment does apply. This rule is stated as follows:

"The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies." United States v. Stone & Downer Co., 274 U.S. 225, 47 S.Ct. 616, 617, 71 L. Ed. 1013.

The Federal courts have consistently held that the rule applies to Federal taxes (Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; United States v. Stone & Downer Co., supra, and annotations on page 1013 et seq. of 71 L.Ed.) and to state taxes (City of New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S.Ct. 905, 42 L.Ed. 202); except in recent years they have followed the rule of the state court (if any), where the case originated. Tait v. Western Maryland R. Co., supra.

The state courts are divided on the question, and it is one of first impression in this court. For present purposes we only call attention to the annotations in 150 A.L.R. p. 5 et seq., and 162 A.L.R. p. 1204 et seq., where the cases on this and kindred questions are collected.

We stated in State v. State Tax Comm., 40 N.M. 299, 58 P.2d 1204, 1206:

"Section 1 of article 8 of the Constitution of New Mexico is as follows: 'Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class.' By the terms of section 3 article 8, certain specific property is exempt from taxation, and by section 5 thereof the Legislature is authorized to exempt from taxation certain other specific property; and no other property is or can be exempted. The Constitution, in effect, classes tangible property into that exempt from taxation, that which may be exempted, and that which must be taxed."

Certain property is exempt from taxation by Sec. 3 of Art. 8 of the Constitution, which is as follows:

"The property of the United States, the state and all counties, towns, cities and school districts, and other municipal corporations, public libraries, community ditches and all laterals thereof, all church property, all property used for educational or charitable purposes, all cemeteries not used or held for private or corporate profit, and all bonds of the state of New Mexico, and of the counties, municipalities and dis-

tricts thereof shall be exempt from taxation."

Sec. 5 of Art. 8 provides that the Legislature may exempt from taxation property of each head of a family to the amount of $200 and the property of honorably discharged soldiers, etc, in the sum of $2000. The latter exemption, however, was not in force until 1921, which was subsequent to the entry of the judgment involved here. All other tangible property in New Mexico is subject to taxation. State v. Board of Trustees of Town of Las Vegas, 28 N.M. 237, 210 P. 101. It is obvious that the property of the town of Atrisco was taxable unless exempt under Sec. 3 of Art. 8 of the Constitution, and such exemption (if any) continued only so long as it was within a classification exempt under this section of the Constitution. Berger v. University of New Mexico, 28 N.M. 666, 217 P. 245; but no facts were found in Cause No. 12,666 to indicate the ground of exemption.

In other words no facts were found by the court to support the legal conclusion that the town of Atrisco Grant was exempt from taxation. It is quite probable that the theory of the district court was that the town of Atrisco, a corporation, was a "town" or other "municipal corporation," as contemplated by the Constitution; and appellee cites Board of Trustees of the Town of Tome v. Sedillo, Treasurer, 28 N.M. 53, 210 P. 102; and State v. Board of Trustees of the Town of Las Vegas, 28 N.M. 237, 210 P. 101, decided in 1922, as authority on the proposition that since the entry of the judgment in Case No. 12,666, that the Supreme Court had decided that similar Pueblo grants were subject to taxation, and were not exempt as being a "town" or "municipal corporation" in the sense used in the Constitution. The appellee asserts that the supervening decisions of this court mentioned is such a change in the law as to create new issues or facts because of the difference in the applicable law. There is high authority supporting this contention, Blair v. Com'r, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Henricksen v. Seward, 9 Cir., 135 F.2d 986, 150 A.L.R. 1; Monteith Bros. v. United States, 7 Cir., 142 F.2d 139; Gillespie v. Com'r, 10 Cir., 151 F.2d 903. It was said in Henricksen v. Seward, supra [135 F.2d 989],

"Thus in tax controversies of this character, when the courts undertake to bestow on either party a vested right in an erroneous decision of law, they are apt, by multiplying the issues, merely to add fuel to the controversies."

There are both Federal and state authorities supporting each side of this interesting question, but as we are not advised the basis in fact for the holding of the district court in Case No. 12,666 we are not able to say that the supervening decisions cited were based upon the same claim of exemption. See Annotations 150 A.L.R. 56 et seq.

It is said that the decision of the trial court was a legal conclusion, not based upon any findings of fact, and that litigants have no vested right to an erroneous conclusion of law.

■ It is true that the order or decree in question contains no facts. It is a determination that the property in suit is exempt from taxation, and this can be true only if it comes within one of the classifications set out in Sec. 3 of Article 8 of the Constitution. That the doctrine of res judicata does not apply to questions of "pure law," unmixed with facts, we are satisfied is correct. But we have here no statement or proposition of "pure law." The conclusion that the property was exempt from taxation is necessarily based upon, or "mixed" with some undisclosed fact, bringing it within one of the classifications in Sec. 3 of Article 8 of the Constitution. The Supreme Court of the United States has decided the question as follows:

"The general principles are well settled, and need not be discussed. The scope of their application depends upon whether the question arises in a subsequent action between the same parties upon the same claim or demand or upon a different claim or demand. In the former case a judgment upon the merits constitutes an absolute bar to the subsequent action. In the latter case the inquiry is whether the point or question presented for determination in the subsequent action is the same as that litigated and determined in the original action. * * *

"The contention of the government seems to be that the doctrine of res judicata does not apply to questions of law; and, in a sense, that is true. It does not apply to unmixed questions of law. Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action upon a different demand are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a fact, question, or right distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law. That would be to affirm the principle in respect of the thing adjudged but, at the same time, deny it all efficacy by sustaining a challenge to the grounds upon which the judgment was based." United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 67, 69 L.Ed. 262.

"If the second action was upon a different claim or demand, then the judgment is an estoppel 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Bates v. Bodie, 245 U.S. 520, 38 S.Ct. 182, 184, 62 L.Ed. 444, L.R.A. 1918C, 355; Troxell v. Delaware L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed.

586; Larsen v. Northland Transp. Co., 292 U.S. 20, 54 S.Ct. 584, 78 L.Ed. 1096.

"That a question of fact *or of law* distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties sui juris is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or· their privies, whether the second suit be for the same· or a different cause of action." State of Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831. (Our emphasis.)

 We are of the opinion that the doctrine of res judicata applies to the conclusion of the district court in Case No. 12,666 that the property in suit was exempt from taxation. It was a "right" distinctly adjudged, United States v. Móser, supra; State of Oklahoma v. Texas, supra; and it was not a question of "pure law" unmixed with facts. It stated no proposition of law, but established a "right."

 We revert to the question of collateral estoppel hereinbefore mentioned. It is general that the rule stated is one of public policy to end litigation. But it is held by a number of state courts that another rule of public policy supersedes this general rule in tax matters, the application of which was made in Keokuk & W. R. Co. v. Missouri, 152 U.S. 301, 14 S.Ct. 592, 38 L.Ed. 450. But the doctrine of this case was denied in Tait v. Western Maryland R. Co., supra. We will not attempt to cite the many authorities holding or denying that the general rule applies to tax cases, but cite those interested to the annotations in 150 A.L.R. p. 5 et seq.; 162 A.L.R. p. 1204 et seq.; 71 U.S.L.Ed. p. 225 et seq.; 88 U.S.L.Ed. p. 389 et seq. If there should be a public policy abrogating the general rule in tax cases it should be established by the legislature and not the courts. We cite the following cases which we believe correctly state the law on the question: Kansas City Exposition Driving Park v. Kansas City, 174 Mo. 425, 74 S.W. 979; People v. Omega Chapter of Psi Upsilon Fraternity, 324 Ill. 540, 155 N.E. 279; City of New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; Tait v. Western Maryland R. Co., 1933, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405.

The judgment of the district court is reversed and cause remanded with instructions to set aside its judgment and enter judgments for the defendants.

It is so ordered.

BRICE C.J., and LUJAN, SADLER, and McGHEE, JJ., concur.