306 P.2d 643

Charles F. WALTER and Margaretha K. Walter, Plaintiffs-Appellants,

v.

Celia RICHARDSON, Ella Sartin, Hester C. Gray, Samuel A. Richardson, Anna Clinkenbeard and Mary Sue Jordan, Defendants-Appellees and Cross-Appellants,

Pattee Royalty Association, an Express Trust; and Garth Hammon, T. J. Church and A. H. Church, Trustees of Pattee Royalty Association, an Express Trust, Defendants-Appellees.

No. 5981.

Supreme Court of New Mexico.

Nov. 2, 1956.

Rehearing Denied Feb. 13, 1957.

Robert C. Dow, Lovington, for appellants.

G. T. Hanners, Lovington, for Richardson defendants-appellees and cross-appellants.

Neal & Girand, Hobbs, for Pattee defendants-appellees.

REIDY, District Judge.

This suit was instituted by the plaintiffs, Charles F. Walter and Margaretha K. Walter, his wife, to quiet title to a one-fourth undivided interest in the minerals in and to six hundred and forty acres of land situated in Lea County, New Mexico. Their claim was denied by the lower court and they are the appellants here and will be so designated.

Celia Richardson, Ella Sartin, Hester C. Gray, Samuel A. Richardson, Anna Clinkenbeard and Mary Sue Jordan, as heirs of W. B. Richardson, were one set of defendants and based their claim of title to the mineral interest herein by virtue of an attachment suit and sheriff's sale against one Edward Pattee. The lower court found the attachment proceeding and sale void for lack of jurisdiction. They have appealed from that portion of the judgment and will be designated the "Richardson defendants".

The second set of defendants and appellees here consist of the Pattee Royalty Association, an Express Trust; Garth Hammon, T. J. Church and A. H. Church, Trustees of Pattee Royalty Association, an Express Trust. The judgment below quieted title to the mineral interest in them. They will be designated herein as the "Pattee defendants".

Although the facts and circumstances surrounding this case are many and have been presented in varying ways in the briefs of the parties, it will be necessary to set them forth for a clear understanding of the issues involved herein.

In 1930 Charles F. Walter and his wife were the owners of all the mineral rights herein by virtue of a patent from the United States. One Edward Pattee, not a party to this suit, was president of the Pattee Royalty Association. He and T. J. Church, a trustee, contacted the Walters and a number of other owners of mineral interests in Lea County, New Mexico, for the purpose of obtaining their mineral rights. After two visits to the Walters' home, the Walters agreed to meet Pattee and Church at the Lea County Bank at Lovington to complete their transaction.

On August 4, 1930, Charles F. Walter and his wife executed a deed for one-fourth of their mineral interest to Edward Pattee. It is this deed that the Walters claim was void by reason of false and fraudulent representations sufficient to constitute fraud in the factum. Some evidence was introduced showing that Charles Walter believed that the deed was to the Pattee Royalty Association instead of to Edward Pattee, and that he thought he was getting the same kind of deal as his neighbors but did not know at that time what his neighbors were getting.

In 1934 the Walters discovered that the deed of August 4, 1930, was to Edward Pattee individually and not the Pattee Royalty Association. From 1931 to 1951 the Walters cashed and retained money received from checks issued by the Pattee Royalty Association.

On November 13, 1939, W. B. Richardson sued Edward Pattee by attachment suit in the District Court of Lea County for an account owed of some nine hundred dollars. The Writ of Attachment was levied on the mineral interest involved in this suit by the sheriff on February 2, 1940. The defendant, Edward Pattee, who was the record owner of the mineral interest at that time, was a non-resident of the State of New Mexico. Personal service was not obtained against Edward Pattee. He was served by registered mail on April 20, 1940. No substituted service by publication on Edward Pattee was made.

Thereafter, on June 12, 1940, a default personal judgment was entered in favor of W. B. Richardson and against Edward Pattee. Execution was then issued and the interest in the minerals was sold by the sheriff to W. B. Richardson.

W. B. Richardson died in the service of his country and his heirs in this suit base their claim of title to the mineral rights on the validity of the aforementioned suit on attachment.

It was the practice of the Pattee Royalty Association to deed unit shares in the Association in numbers corresponding with the number of acres obtained from the owners and on the particular land obtained. That was not so in this case. The Pattee Royalty Association issued a certificate to the Walters of ten units on land in Quay County, New Mexico. Edward Pattee and his wife had apparently owned these units and transferred their interest to the Walters through the Association.

On August 4, 1930, Edward Pattee, to whom the conveyance from the Walters had run, and his wife executed a deed to the Pattee Royalty Association of the one-fourth mineral interest. This deed was not filed for record in Lea County until October 10, 1946. Under date of May 27, 1940, a similar deed was executed which recited that it was given to replace a deed executed in 1930 but lost prior to recording. This deed was recorded June 3, 1940.

The Walters also alleged in their complaint that if the Richardson suit in attachment was not void the Richardson defendants were estopped to claim title by reason of an oral agreement between W. B. Richardson, now deceased, and Walters, to file the suit and procure the title from Edward Pattee and in turn deed the mineral interest to the Walters.

The appellees have brought cross-assignments of error attacking the sufficiency of

the evidence to sustain the Court's findings and conclusion of fraud in connection with the execution and delivery of the deed from Walters to Edward Pattee.

We will first direct our attention to the contention by the Richardson appellants that the judgment, execution and sale of the property was valid, not void, and not subject to collateral attack in this suit.

The complete record of the Richardson v. Pattee suit discloses the following entries and documents:

November 13, 1939. Complaint filed in which it is set forth that defendant is a resident of Wheeler, Texas.

November 13, 1939. Attachment affidavit filed showing that defendant Edward Pattee is a resident of Wheeler, Texas, and is not a resident of New Mexico nor does he reside in New Mexico.

December 8, 1939. Petition and Order fixing amount of attachment bond.

February 1, 1940. Attachment bond filed and Writ of Attachment and Summons issued.

February 29, 1940. Return showing Writ of Attachment levied on mineral interest of Edward Pattee on February 2, 1940.

June 10, 1940. Affidavit of mailing showing Complaint, Writ of Attachment and Summons sent by registered mail to defendant Edward Pattee in Wheeler, Texas, and return receipt dated April 25, 1940.

June 10, 1940. Certificate of Default by clerk showing defendant served by registered mail on April 25, 1940.

June 12, 1940. Judgment by default entered against defendant in personam.

September 26, 1940. Execution issued on judgment.

Thereafter the sheriff's levy, sale and order approving sale to W. B. Richardson.

■ It is apparent from a reading of this record that the initial levy of the Writ of Attachment was proper but thereafter the plaintiff failed to follow our attachment statutes as they apply to a non-resident defendant. No service by publication was sought but service by registered mail was had. This was ineffective to give the court jurisdiction over the non-resident defendant. The plaintiff went further and obtained a judgment in personam and had execution issued on the judgment.

The Richardson defendants would have us sustain that judgment on the proposition that once there is lawful seizure by attachment, the jurisdiction of the court is complete and that defects or irregularities thereafter do not render such judgment void or subject to collateral attack, although they may render the proceedings voidable or open to attack on appeal. We reject that contention under the facts in

this case. Smith v. Montoya, 3 N.M., John., 13, 1 P. 175; Mares v. Schuth, 38 N.M. 101, 28 P.2d 527, 92 A.L.R. 567; Larkin v. Folsom Town & Investment Co., 61 N.M. 441, 301 P.2d 1091. In the Mares v. Schuth case a mere irregularity in the notice to non-resident defendant invalidated the judgment.

The Richardson defendants maintain that the case of McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970, 973, bars any collateral attack against the judgment in the attachment suit. In that case the docket showed three entries: (1) The complaint; (2) the "Final Order"; and (3) a certified copy to assessor; and that was all. It is true that in that case we said every presumption not inconsistent with the record is to be indulged in favor of the jurisdiction of courts of general jurisdiction whose judgments are collaterally attacked; "* * * unless the lack of jurisdiction appears affirmatively in the judgment roll." We believe that the lack of jurisdiction over a non-resident defendant appears affirmatively in this record.

Having found the judgment in the Richardson v. Pattee suit to be void and subject to attack in this suit, other assignments of error by the Richardson defendants need not be determined. Lockhart v. Wills, 9 N.M. 344, 54 P. 336.

■ Turning now to the other aspects of this appeal, we will consider the testimony as it relates to the fraud as alleged by the Walters relating to the deed given August 4, 1930, by them to Edward Pattee. The Walters appellants assign error to the Court's conclusion that there was fraud in the inducement and maintain that the evidence clearly showed fraud in the factum, making the deed void and therefore avoiding the defense of the statute of limitations to their suit.

The appellees, by their cross-assignment of error, have challenged the finding of any fraud because it was not established by clear and convincing evidence. We think this challenge to the sufficiency of the evidence to sustain a finding of fraud in the procural or execution of the questioned deed from plaintiffs (appellants) to Pattee Royalty Association is well taken. It would only unduly extend the length of this opinion to set out herein all the testimony bearing on this question. Suffice it to say we have carefully considered same and find it unsubstantial in support of a finding of fraud of any kind in the procural from the plaintiffs of the deed in question or in its execution.

The Court made the following finding of fact:

"It is obvious from the appearance, demeanor and answers of Charles F. Walter from the witness stand that his recollection of events which transpired immediately prior to and on August

4th, 1930, is hazy and that he has only a general recollection of events as they transpired at said date."

We believe the Trial Court was correct in this finding of fact, but we agree with the appellee that the conclusion of law that fraud, either in the inducement or factum, could be found from the evidence, is error.

In Frear v. Roberts, 51 N.M. 137, 179 P.2d 998, 999, Justice McGhee said:

"In Berrendo Irrigated Farms Co. v. Jacobs, 23 N.M. 290, 300, 168 P. 483, 486, we approved and here reaffirm as the correct rule on the quantum of proof required to establish fraud the following from Smith on Fraud, par. 264, and Redwood v. Rogers, 105 Va. 155, 53 S.E. 6: 'Where it is sought to recover for fraudulent representations in regard to the sale of land, there should be the clearest proof of the fraudulent representations, and the evidence much show that the contract was founded upon them.' Smith on Fraud, supra.

"The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively. Fraud cannot be presumed. It must be proved by clear and satisfactory evidence. It is true that fraud need not be proved by positive and direct evidence, but may be established by facts and circumstances sufficient to support the conclusion of fraud. But whether it be shown by direct and positive evidence, or established by circumstances, the proof must be clear and convincing, and such as to satisfy the conscience of the chancellor, who should be cautious not to lend too ready an ear to the charge."

This degree of proof was not met in this case.

The appellants assign error to the action of the Trial Court in announcing a tentative decision in favor of the appellants and then withdrawing the same. We know of no rule of law that would prevent the Court from so doing.

Having upheld the appellees' cross-assignment of error, nothing is to be gained by referring to the other numerous assignments of error made by the Walters.

Our holding in this cause does not affect the final result, and therefore the judgment of the lower court quieting title in the Pattee Royalty Association is affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE and KIKER, JJ., not participating.