417 P.2d 441

**Fedelina BARELA, Plaintiff-Appellant,**

**v.**

**Carpio LOPEZ, Defendant-Appellee,**

**Atlantic Insurance Company, Garnishee-Appellee.**

**No. 7822.**

Supreme Court of New Mexico.

Aug. 22, 1966.

Sanchez & Thomson, Santa Fe, for appellant.

White, Gilbert, Koch & Kelly, Santa Fe, for appellees.

OPINION

NOBLE, Justice.

This case has been before this court in Barela v. De Baca, 68 N.M. 104, 359 P.2d 138, and in Barela v. Lopez, 73 N.M. 121, 385 P.2d 975, and has now been appealed for the third time by Fedelina Barela from an order vacating a judgment entered October 29, 1959 in her favor against Carpio Lopez.

Fedelina Barela obtained a default judgment against Carpio Lopez for damages sustained while a passenger in an automobile owned by Willie C. De Baca and driven by Carpio Lopez. Thereafter, appellant sought to garnish Atlantic Insurance Company, asserting that Lopez was an insured person under the terms of an insurance policy issued by Atlantic to De Baca. Atlantic filed

a motion under Rules 55(c) and 60(b) (4), Rules of Civil Procedure (§§ 21-1-1(55) (c) and (60) (b) (4), N.M.S.A.1953), seeking to vacate the judgment against Carpio Lopez for lack of jurisdiction over the person of the defendant Lopez on the ground that he was neither served with process in the original action nor with the amended complaint. After hearing the testimony of witnesses, the court made the following findings:

> "1. Original summons in this action was never delivered to or otherwise served upon Carpio Lopez, either by the Sheriff of Santa Fe County, acting through Deputy Perez Roybal, or by any other person.
>
> "2. The purported service of summons on April 9, 1959, on Carpio Lopez, did not occur.
>
> "3. Copy of the Amended Complaint herein was never delivered to or otherwise served upon Carpio Lopez.
>
> "4. * * *
>
> "5. That the return of service by the then deputy sheriff of Santa Fe County shows that personal service was made on the defendant Carpio Lopez, but in fact service of the summons and complaint was made upon one Tom Trujillo, records custodian of the New Mexico State Penitentiary, and there is no evidence to indicate that the said summons or complaint was either served or delivered to the defendant Carpio Lopez by anyone.
>
> "6. Carpio Lopez did not enter an appearance in this action nor perform any act which could be said to constitute an entry of appearance herein.
>
> "7. * * *."

Based upon the facts thus found, the court concluded that no valid service of process was ever made upon Carpio Lopez; that the court was without jurisdiction of his person; and that the judgment against Lopez was void.

While the court's findings are not attacked as lacking in substantial support, the record discloses that the officer who executed the return of service of the original summons testified that Lopez was a prisoner in the state penitentiary; that he did not deliver a copy of the summons to him, but instead delivered it to one Tom Trujillo, records custodian at the penitentiary. The summons was found in the penitentiary files—not in the prisoner's personal file. The findings are in fact supported by substantial evidence and support the conclusion that the defendant was not served with process. Incidentally, the record discloses an order dismissing the original complaint with leave to amend but fails to show service of the amended complaint. Absent a showing of service upon him, it follows that the court was without jurisdiction to enter the judgment against Carpio Lopez and that it

was void. Eaton v. Cooke, 74 N.M. 301, 393 P.2d 329.

Actually, the attack here is not as to the sufficiency of the evidence to support the findings on the motion to vacate the judgment, but plaintiff argues that the motion constitutes a collateral attack upon it and asserts that absent a showing of lack of jurisdiction affirmatively appearing on the face of the judgment or the record itself, the presumption in support of the court's jurisdiction is conclusive. This appeal accordingly turns on whether the motion to vacate the judgment is a direct or a collateral attack. We, therefore, turn at once to the definitions approved by this court of direct and collateral attacks on judgments.

In Lucas v. Ruckman, 59 N.M. 504, 287 P.2d 68, a direct attack on a judgment was defined in the language of 34 C. J. 520, § 827 (49 C.J.S. Judgments § 408, p. 805) as:

> "'A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law and in a proceeding instituted for that very purpose, in the same action and in the same court; * * *.'"

Lucas likewise defined and distinguished a collateral attack from a direct attack first in the language of 34 C.J. 520, § 827, as:

> "'* * * A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; * * *. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.'"

and in the language of 31 Am.Jur. 205, § 611, as:

> "'* * * a collateral attack upon a judgment is an attack made by or in [an] action or proceeding that has an independent purpose other than impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. * * *'"

Applying those tests, it is at once apparent that the motion in this case is one authorized by Rule 60(b) (4) (§ 21-1-1 (60) (b) (4), N.M.S.A.1953) to secure relief from a void judgment, and is for the sole purpose of avoiding the judgment in a proceeding provided by law for that purpose, instituted in the same action and in the same court by a party to the original action. It is clear that the attack in this instance is a direct attack upon the judgment—not a collateral one.

We have carefully reviewed the decisions relied upon by plaintiff and find them to be distinguishable upon their facts. The garnishee-defendant in St. Paul Fire and Marine Insurance Co. v. Rutledge, 68 N.M. 140, 359 P.2d 767, not a party to the original action, by way of response to the writ of garnishment, moved to dismiss the writ because of lack of jurisdiction in the original case. The motion there was not one in a manner provided by law in a proceeding instituted for the express purpose of attacking the judgment, but in an incidental proceeding not provided by law for the express purpose of attacking the judgment. The attack made upon the judgment there was clearly a collateral one. The attacks upon the judgments in Walter v. Richardson, 62 N.M. 152, 306 P.2d 643; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522; and McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970, were likewise not made in a direct proceeding authorized by law, and were clearly collateral attacks. Those decisions are neither controlling nor persuasive under the facts here present.

We find no merit to the argument that our former decision in Barela v. Lopez, supra, renders the default judgment against Lopez res judicata upon the theory that this court must there have considered that the court had jurisdiction over Lopez. We there only considered whether summary judgment was proper against the garnishee-defendant and expressly said that was unnecessary to consider other questions.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.