431 P.2d 759

Jack ARTHUR and United Services Automobile Association, a Reciprocal Inter-Insurance Exchange, Plaintiffs-Appellants,

v.

Richard GARCIA, Defendant-Appellee.

No. 8352.

Supreme Court of New Mexico.

Sept. 11, 1967.

Adams & Pongetti, Albuquerque, for appellants.

Dale B. Dilts, Albuquerque, for appellee.

OPINION

CHAVEZ, Chief Justice.

Suit was filed in Bernalillo County, New Mexico, by Jack Arthur and United Services Automobile Association, plaintiffs-appellants, against defendant-appellee, Richard Garcia, to revive a judgment rendered on January 30, 1957, in favor of appellant Jack Arthur in the amount of $50.00 and in favor of appellant United Service Automobile Association for $593.-31. Judgment was rendered in favor of appellee and appellants appeal.

Suit was filed December 15, 1964, and an amended complaint was filed on January 12, 1965, alleging that appellants obtained judgment against appellee on January 30, 1957; that appellee entered the military service about February or March 1957; that he remained in the service continuously for more than one year; and that no part of the judgment had been paid. Appellee's answer admitted that appellee was in the military service for two years from January 28, 1957; that the action was barred by the Statute of Limita-

.tions; that the judgment referred to in the complaint was void, because appellee was not served with process; and that the complaint was void because of a failure to comply with the Soldiers' and Sailors' Civil Relief Act. The trial court ruled in favor of appellants on all issues, except that the complaint was void because of a failure to serve appellee with process. The trial court made the following findings of fact, which are material to this appeal:

"3. That the Court therefor amends the pleadings to include a counterclaim by the defendant which reads as follows:

COUNTERCLAIM

Defendant for his counterclaim against the plaintiffs alleges: That the original judgment contained in cause numbered 66942 is void for the Defendant was never served with a copy of the summons and complaint in the action numbered 66942 in this court.

WHEREFORE, Defendant prays that the judgment in cause numbered 66942 be declared null and void.

"4. That the Defendant was never served with a copy of the summons and complaint in the captioned action, numbered 66942.

"5. That on January 30, 1957, in Cause No. 66942 on the docket of this court, plaintiffs obtained judgment in the District Court of Bernalillo County, New Mexico, against the defendant, Richard Garcia, in the amount of $50.00 in favor of the plaintiff, Jack Arthur, and in the amount of $593.31 in favor of the plaintiff, United Services Automobile Association, together with costs and interest at the legal rate from the date of entry of said judgment.

"6. That the said judgment, copy of which is attached to the amended complaint herein, was entered in the records of this Court and was recorded by the clerk of this court in the Records of Judgments kept by said clerk for that purpose.

"7. That the docket of this court with reference to said cause No. 66942 shows that a return of service was filed on January 4, 1957, showing that service was made upon the defendant on December 27, 1956.

"8. That said docket also shows that a certificate as to the state of the record was filed in said cause prior to entry of the judgment.

"9. That the original court file in cause No. 66942 was taken from the office of the clerk of this court on June 11, 1964, by someone representing New Mexico Title Company, and has been lost.

"10. That the defendant, Richard Garcia, was inducted into the military service of the United States on or about January 30, 1957, and continued in said service for a period of two years."

Appellants argue that the trial court erred in failing to adopt the following requested conclusions of law:

"2. Lack of jurisdiction over the defendant, Richard Garcia, in cause No. 66942 on the docket of this Court does not appear from the records of this Court.

"3. It appears from the docket entries in Cause No. 66942 that the defendant, Richard Garcia, was properly served with process therein and that this Court acquired jurisdiction over his person.

"4. The attack by defendant in this case upon the judgment of this Court in Cause No. 66942 constitutes a collateral attack upon said judgment.

"5. In a suit to revive a judgment, such as the present one, every presumption must be indulged in favor of the validity of the judgment sought to be revived and, unless the invalidity of such judgment appears from the record, it cannot be successfully attacked.

"6. Every presumption not inconsistent with the record is to be indulged in favor of the jurisdiction of this Court in Cause No. 66942, where the judgment in said cause has been collaterally attacked.

"7. Where the judgment in Cause No. 66942 has been collaterally attacked, as it has been in this case, it will be presumed as against this attack that the Court had jurisdiction of the subject matter and of the persons or parties, and that all facts necessary to give the Court jurisdiction or power to render the particular judgment existed and were duly proved and filed, unless the fact of want of jurisdiction and consequent invalidity of the judgment affirmatively appears on the face of the judgment or the Judgment Roll or record or is made to appear in some other permissible manner and, since the invalidity of the judgment in Cause No. 66942 does not so appear in this case, it follows that for the purpose of this case, said judgment must be held to be valid."

The question presented by this appeal is whether or not the trial court was correct in holding the judgment in cause No. 66942 void because of lack of service on appellee, notwithstanding the fact that the record in cause No. 66942 shows that service was made. Appellants contend that, in a suit to revive a judgment, the defense, that the defendant was not served with process in the original action, is not available to the defendant if the judgment sued upon is regular on its face. Appellee's argument appears to concede that a judgment, which appears to be valid so far as the record is concerned, cannot be collaterally attacked. He argues, however, that the attack made in the instant case is not collateral, but a direct attack. Appellee quotes, in part, the following statement from 30A Am.Jur. 776, § 862:

" * * * [T]he defense to an action on a judgment that the court which rendered it did not acquire jurisdiction of the debtor has been held to be in the nature of a direct attack upon the judgment."

Appellee also argues that Barela v. Lopez, 76 N.M. 632, 417 P.2d 441, supports his contention.

We cannot agree. The section quoted above by appellee from 30A Am.Jur. § 862, appears to be the minority rule. Neither do we agree with appellee's interpretation of Barela v. Lopez, supra. We note that in City of Albuquerque v. Huddleston, 55 N.M. 240, 230 P.2d 972, this court stated:

"In New Mexico one who challenges an unreversed judgment regularly entered has a very difficult task. McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970."

In McDonald v. Padilla, supra, this court held that:

"The rule is that as against a collateral attack, a judgment is valid unless the contrary appears in the judgment roll, and the omission of every step in the proceedings except the entry of the judgment, does not overcome the conclusive presumption of regularity of a judgment when collaterally attacked, if the record does not affirmatively disclose the omissions. * * *

"We stated in substance, in State v. Patten, supra, [41 N.M. 395, 69 P.2d 931] and we now hold, that every presumption not inconsistent with the record, is to be indulged in favor of the jurisdiction of courts of general jurisdiction whose judgments are collaterally attacked; and their judgments, though void for want of jurisdiction and would be so held on direct attack, cannot be questioned on that ground when attacked collaterally, unless the lack of jurisdiction appears affirmatively in the judgment roll."

Accord: Hambaugh v. Peoples, 75 N.M. 144, 401 P.2d 777; St. Paul Fire and Marine Insurance Co. v. Rutledge, 68 N.M. 140, 359 P.2d 767; Matlock v. Somerford, 64 N.M. 347, 328 P.2d 600; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522; Wilson v. Kavanaugh, 55 N.M. 252, 230 P.2d 979; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216. See: Walter v. Richardson, 62 N.M. 152, 306 P.2d 643. In Ballew v. Denson, 63 N.M. 370, 320 P.2d 382, it is stated:

" * * * Jurisdiction of the person is acquired when one is personally served with process. Consequently, the judgment is not void for want of jurisdiction,

nor is it open to collateral attack for alleged irregularities. * * *"

The record in cause No. 66942 affirmatively shows that there was jurisdiction over the parties, because the court's finding states:

"7. * * * a return of service was filed on January 4, 1957, showing that service was made upon the defendant on December 27, 1956."

However, the record in the instant case shows the trial court sought to avoid application of the rule stated in McDonald v. Padilla, supra, by concluding:

"1. That the defense of the defendant in his answer and motion and in the counterclaim attacking the judgment in cause numbered 66942 are direct attacks upon said judgment."

In the instant case, there is clearly an attempt, in a separate action, to impeach by matters dehors the record and, accordingly, this is a collateral attack. In Bailey v. Great Western Oil Co., 32 N.M. 478, 259 P. 614, 55 A.L.R. 467, we said:

"* * * The proceeding to revive a judgment is 'a new and independent action.' * * * [E]ven though the purpose of the suit be to revive the judgment, it is an action arising on contract * * *."

In Barela v. Lopez, supra, cited by appellee, this court pointed out the distinction between a direct attack against a judgment and a collateral attack:

"In Lucas v. Ruckman, 59 N.M. 504, 287 P.2d 68, a direct attack on a judgment was defined in the language of 34 C.J. 520, § 827 (49 C.J.S. Judgments § 408, p. 805) as:

"'A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law and in a proceeding instituted for that very purpose, in the same action and in the same court; * * *.'

Lucas likewise defined and distinguished a collateral attack from a direct attack first in the language of 34 C.J. 520, § 827, as:

"'* * * A collateral attack is an attempt to impeach the judgment by matters dehors the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; * * *. In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral.'

and in the language of 31 Am.Jur. 205, § 611, as:

"'* * * a collateral attack upon a judgment is an attack made by or in [an] action or proceeding that has an independent purpose other than impeaching or overturning of the judgment, although impeaching or overturning the judgment may be necessary to the success of the action. * * *.'"

The judgment is reversed with direction that the judgment heretofore entered be set aside and judgment entered for appellants.

It is so ordered.

NOBLE and MOISE, JJ., concur.