480 P.2d 165

William J. HANRATTY, Plaintiff-Appellee,

v.

MIDDLE RIO GRANDE CONSERVANCY DISTRICT, Defendant-Appellee,

and

Andres G. Vigil, a/k/a Andres Vigil, Defendant-Appellant.

No. 9039.

Supreme Court of New Mexico.

Dec. 14, 1970.

Rehearing Denied Jan. 25, 1971.

Second Rehearing Denied Feb. 17, 1971.

Milton S. Seligman, Albuquerque, for appellant.

Ussery, Burciaga & Parrish, Albuquerque, for Hanratty.

Hannett, Hannett, Cornish & Barnhart, Albuquerque, for Middle Rio Grande Conservancy District.

## OPINION

COMPTON, Chief Justice.

This is an appeal from a summary judgment. The Middle Rio Grande Conservancy District filed Cause No. 3723 in Sandoval County to foreclose its lien for delinquent tax assessments against the land involved in this suit. Substituted service by publication was obtained upon appellant Vigil, the then owner of the property, and, upon his .failure to answer, default judgment was entered in favor of the Conservancy District in 1962. The Conservancy District sold the property approximately four years later to appellee Hanratty.

Subsequently this action was filed by appellee Hanratty to quiet title to the property. Appellant Vigil answered and filed a cross claim against Hanratty and appellee, Middle Rio Grande Conservancy District, alleging that the default judgment entered against him in Cause No. 3723 was invalid because he was never served with process. Appellee Hanratty moved for and was granted summary judgment quieting title in himself and Vigil has appealed.

The decisive question is whether the appellant by counterclaim in a separate proceeding may attack the prior judgment entered in Cause No. 3723. The trial court found the attack to be a collateral attack and dismissed appellant's answer and cross claim.

We think the ruling of the court was correct. Appellant's attack on the judgment is not made in the same action as the foreclosure suit but rather it is an attempt to impeach the judgment by matters dehors the record in an entirely different action.

The question presented is conclusively settled in this jurisdiction. Arthur v. Garcia, 78 N.M. 381, 431 P.2d 759; Lucus v. Ruckman, 59 N.M. 504, 287 P.2d 68. Compare Barela v. Lopez, 76 N.M. 632, 417 P.2d 441; McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970.

In Arthur v. Garcia, supra, we said:

"In the instant case, there is clearly an attempt, in a separate action, to impeach by matters dehors the record and, accordingly, this is a collateral attack."

In Lucus v. Ruckman, supra, we quoted with approval 34 .C.J. 520, § 827 (49 C.J.S. Judgments § 408, p. 805) as follows:

"'A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law and in a proceeding instituted for that very purpose, *in the same action and in the same court*; * * *'" (Emphasis ours)

In McDonald v. Padilla, supra, we said:

"The rule is that as against a collateral attack, a judgment is valid unless the contrary appears in the judgment roll, and

the omission of every step in the proceedings except the entry of the judgment, does not overcome the conclusive presumption of regularity of a judgment when collaterally attacked, if the record does not affirmatively disclose the omissions. * * *"

The appellant asserts that the trial court abused its discretion in denying his motion to consolidate causes of action for the purpose of considering the motion for summary judgment and trial. The consolidation of causes of action is a matter vested solely within the discretion of the trial court and the exercise of such discretion will not be disturbed on appeal absent a showing of abuse of discretion. We fail to see any abuse of discretion on the part of the trial court in refusing to consolidate the cases.

Other points are argued but they are disposed of by what has been said.

The judgment should be affirmed and it is so ordered.

TACKETT and SISK, JJ., concur.