488 P.2d 105

Mrs. Manuel APODACA, formerly Trina
Moya, et al., Plaintiffs-Appellants,

v.

The TOWN OF TOME LAND GRANT, a
corporation, a/k/a Tome Land and Im-
provement Company, a corporation, a/k/a
the Tome Land Grant, a community land
grant, and all the Shareholders Thereof,
and Horizon Corporation, a Delaware Cor-
poration, Defendants-Appellees.

No. 9139.

Supreme Court of New Mexico.

Aug. 23, 1971.

Solomon & Roth, Santa Fe, Lorenzo E.
Tapia, Albuquerque, for appellants.

Ahern, Montgomery & Albert, Albuquer-
que, for appellees.

OPINION

OMAN, Justice.

The trial court granted defendants' mo-
tion to dismiss plaintiffs' complaint, except
as to plaintiff, Floyd Gurule. We reverse.

By the first cause of action of the second
amended complaint, plaintiffs attacked the
validity of a judgment entered in Cause
No. 6492 on the docket of the District
Court of Valencia County and sought a
determination of their claimed rights in the
common lands of the Town of Tome Land
Grant, or in the proceeds from the sale of
said lands. By the second and third counts
of their complaint they sought equitable
relief in the nature of restraining orders
to prevent the distribution of the funds
from the sale of the lands. This equitable
relief was granted and the funds are pres-
ently in the hands of a trustee appointed
for this purpose by the court.

The records in both this cause and
Cause No. 6492 are before us on this ap-
peal. In addition to the complaint in this
cause, plaintiffs also filed a "Motion in
Support of Special Appearance to Chal-
lenge Jurisdiction" in Cause No. 6492.
The matters contained in and the relief
sought by this motion are substantially the
same as alleged in and sought by the first
cause of action of the second amended
complaint in the present suit. In fact,
plaintiffs filed in both suits a common
"Motion for Joinder for Purposes of Hear-
ing" by which they sought to have the two
suits joined for hearing the issues raised
by the "Motion in Support of Special Ap-
pearance to Challenge Jurisdiction" filed in
Cause No. 6492 and "Count I of the Second
Amended Complaint filed in Cause No.
14849." One of the grounds asserted for

the joinder was: "That the issues and the evidence bearing thereon will be identical in most respects." This motion is still pending.

The trial court sustained the motion to dismiss the complaint, except as to plaintiff, Floyd Gurule, upon the ground that it "constitutes a collateral attack upon the judgment in Cause No. 6492 * * *." The complaint as to Mr. Gurule was not dismissed because he had not been named as a party in Cause No. 6492.

We need not decide whether the trial court was correct in determining this was a collateral attack on the judgment in Cause No. 6492. The case law on this point as announced by this court does not appear to be entirely consistent in all respects. See Bowers v. Brazell, 27 N.M. 685, 205 P. 715 (1922); Barela v. Lopez, 76 N.M. 632, 417 P.2d 441 (1966). However, the later cases clearly suggest that under the definitions of direct and collateral attacks adopted therein, the present suit would fall within the definition of a collateral attack as held by the trial court. See Barela v. Lopez, supra; Lucus v. Ruckman, 59 N.M. 504, 287 P.2d 68 (1955).

However, the record shows, and it is conceded, that at least one of the named plaintiffs in the present suit, other than Mr. Gurule, was not named as a party in Cause No. 6492, and, as shown above, the complaint sought not only to have the judgment in Cause No. 6492 declared void, but sought other relief, including the equitable relief which was granted. In defendants' "Response to Temporary Restraining Order," the first issue presented was "That Plaintiffs' Complaint does not state facts sufficient to constitute a cause of action." This issue was apparently resolved against defendants, since the restraining order was made permanent after a hearing on the issues. For these reasons the complaint should not have been dismissed for failure to state a claim upon which relief could be granted. Generally, as to the function to be performed by a motion under Rule 12(b) (6), Rules of Civil Procedure [§ 21–1–1(12) (b) (6), N.M.S.A.1953 (Repl.Vol. 4 1970)], and the circumstances under which the motion may properly be granted, see 2A, Moore's Federal Practice, § 12.08, at 2244 (2d ed. 1968); Rubenstein v. Weil, 75 N.M. 562, 408 P.2d 140 (1965); Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571 (1963).

The order dismissing the second amended complaint should be reversed and the cause remanded with instructions to reinstate it upon the docket.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.