This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**UNIFUND CCR PARTNERS,**

    Plaintiff-Appellee,

v.                                                                                          **NO. 31,377**

**RUSSELL L. BARNES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

McCleskey, Harringer, Brazill & Graft, L.L.P.
Jody D. Jenkins
Lubbock, TX

for Appellee

Brannen Law LLC
Daniel E. Brannen, Jr.
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Appellant Russell Barnes (Defendant) appeals from the district court's rulings that deny his motion to set aside the default judgment against him. The notice proposed to affirm and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred in denying his motion to set aside the default judgment. [DS 6-7; MIO 2; RP 49] As a basis for his argument, Defendant maintains that the default judgment against him [RP 16] is void due to Appellee Unifund CCR Partners' (Plaintiff) alleged failure to serve the summons and complaint. [DS 6; MIO 2-5] *See generally Barela v. Lopez*, 76 N.M. 632, 635, 417 P.2d 441, 444 (1966) (recognizing that Rule 1-060(B)(4) NMRA may provide relief from a void judgment due to a lack of service of process of the complaint).

Defendant argues that "the greater weight of the evidence" [MIO 2] supports his position that he was not properly served. As support for such statement, Defendant maintains that he made a prima facie case that he was not served with the summons and complaint by virtue of his own affidavit wherein he stated that he was not served. [MIO 3; RP 62] Defendant also refers to the affidavit of the private investigator he hired [MIO 4], wherein the investigator stated that the process server did not recall Plaintiff's attorney, or keep records other than the return of service. [RP

153, 155]  But, in rebuttal to these affidavits [MIO 3], other evidence supported the district court's determination that Defendant was properly served at his current address.  [RP 198]  Specifically, the record proper contains a notarized and sworn statement by the process server, Jerry Ortiz [RP 9], that on June 29, 2009, he served Defendant with a copy of the summons [RP 8] and complaint.  [RP 1]  As stated in our notice, it was within the district court's prerogative to consider the sworn statement of the process server to determine that Defendant was properly served with a copy of the summons and complaint. *See Tanuz v. Carlberg,* 1996-NMCA-076, ¶ 7, 122 N.M. 113, 921 P.2d 309 (recognizing that the reviewing court neither weighs conflicts in evidence nor determines credibility of witnesses).

We further disagree with Defendant's continued assertion that he was improperly denied a hearing on his motion to set aside the default judgment.  [MIO 3, 5] As referenced in our notice, a hearing on Defendant's motion was held [RP 179, 198], during which time Defendant, while acting in a pro se capacity [MIO 6], was afforded the opportunity to make his arguments and introduce evidence in support of his position.  [DS 5, 6]  To the extent Defendant failed to introduce evidence in support of his affidavit [MIO 3], such failure is not due to any shortcoming by the district court [MIO 4], but instead is attributable to Defendant.  *See generally Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (holding that pro se

litigants are held to the same standards as members of the Bar).

Further, while Defendant maintains that the district court prevented him from introducing new evidence at the hearing [MIO 3], at the same time he provides that he "does not challenge that ruling" [MIO 7] and "does not seek to offer that particular evidence[.]" [MIO 7] Therefore, as provided in our notice, absent any information as to the "new evidence" [MIO 7] Defendant sought to introduce as well as its asserted relevance, we presume that the district court ruled correctly. *See, e.g.*, *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 19, 121 N.M. 562, 915 P.2d 318 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the [trial] court's judgment.").

We further disagree with Defendant's continued argument [DS 4, 6-7; MIO 9-10] that the district court abused its discretion when it denied his motion to set aside the default judgment pursuant to Rule 1-060(B)(6) (providing that the district court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment"). While Rule 1-060(B)(6) provides a reservoir of equitable power to do justice in a given case, it is limited to instances where there is a showing of exceptional circumstances. *See Meiboom v. Watson*, 2000-NMSC-004, ¶¶ 29, 31, 128 N.M. 536, 994 P.2d 1154. Here, the district court determined that Defendant waited an unreasonable amount of time to challenge the judgment. [DS

3, 7; RP 102, 198-99] We agree, given Defendant's delay of fifteen months after his October 22, 2009, acknowledgment of the default judgment [RP 199] before filing his February 14, 2011, motion to set aside the default judgment. [RP 49] This delay does not satisfy the requirement in Rule 1-060(B)(6) that the motion be made "within a reasonable time." We recognize Defendant's position that his efforts to communicate with the process server and with Plaintiff's attorney contributed to his delay. [MIO 9] However, what constitutes a reasonable time to seek relief from a judgment depends on the circumstances of each case, *see Home Sav. & Loan Ass'n v. Esquire Homes, Inc.*, 87 N.M. 1, 2, 528 P.2d 645, 646 (1974), and other factors support a determination that the delay was unreasonable. Specifically, as discussed, Defendant previously had been given proper service of process. [RP 9] In addition, the district court also had notified Defendant about inactivity of the case on July 15, 2009 [DS 3; RP 102, 115], and Plaintiff's counsel had notified Defendant of the default judgment on March 15, 2010, and June 18, 2010. [RP 19, 21, 116, 127] To the extent Defendant suggests that his pro se status contributed to his delay in filing the appropriate pleadings to challenge the judgment [MIO 9-10], we again refer to *Newsome*, 103 N.M. at 419, 708 P.2d at 331 (holding that pro se litigants are held to the same standards as members of the Bar).

And lastly, we disagree with Defendant's continued argument that he is entitled

to relief pursuant to Rule 1-055(B) NMRA, which in pertinent part provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application[.]" [DS 6-7; MIO 8] To make a Rule 1-055 "appearance," a party "must take some affirmative action to signify to the court an intention to submit to its jurisdiction." *See Gandara v. Gandara*, 2003-NMCA-036, ¶ 16, 133 N.M. 329, 333, 62 P.3d 1211, 1215 (emphasis, internal quotation marks, and citation omitted). As discussed, Defendant was served with a summons and complaint, and yet he filed no answer or otherwise signified to the district court an intention to submit to its jurisdiction. For this reason, we disagree that Rule 1-055(B) affords him relief. We recognize [MIO 8] the holding in *Dean Witter Reynolds, Inc. v. Roven*, 94 N.M. 273, 274, 609 P.2d 720, 721 (1980), wherein the Court recognized that "the spirit" of Rule 1-055 called for its application when the plaintiff represented to the defendants that no default would be entered during settlement negotiations. However, no such representation or comparable circumstances are present in this case. In this regard, we do not agree that the service of the summons and complaint on Defendant requires that Defendant be given the Rule 1-055(B) notice when Defendant failed to appear in the action. [MIO 8-9]

For reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**J. MILES HANISEE, Judge**